No. 43,504

THE STATE OF KANSAS, *Appellee*, v. ANTOINE BONTZ, *Appellant*.

(386 P. 2d 201)

Opinion filed November 2, 1963.

*Ralph R. Brock*, of Wichita, argued the cause, and *Lester L. Morris, Verne M. Laing, Ferd E. Evans, Jr., Joseph W. Kennedy* and *C. Robert Bell*, of Wichita, were with him on the briefs for the appellant.

*Owen J. Ballinger*, deputy county attorney, argued the cause, and *William M. Ferguson*, attorney general, *Keith Sanborn*, county attorney, and *William J. Tomlinson*, deputy county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: The defendant (appellant) was convicted in the court below of issuing a worthless check in an amount in excess of $50 in violation of G. S. 1949, 21-554, and was sentenced to imprisonment in the Kansas State Penitentiary.

Pursuant to G. S. 1949, 21-554, which provides that it shall be unlawful for any person to draw, make, utter, issue or deliver to another any check on any bank or depository for the payment of money or its equivalent, knowing, at the time of the making,

drawing, uttering or delivery of the check he had no funds on deposit in or credits with such bank with which to pay the draft upon presentation, complaint was filed on July 26, 1961, in the court of common pleas of Sedgwick county charging defendant with giving a worthless check to James Ray Distributing Co. in the amount of $1,232.91 drawn upon the East Side State Bank of Wichita.

Prior to the preliminary hearing defendant filed a voluntary petition in bankruptcy in the United States District Court for the District of Kansas. The insufficient fund check given by defendant, which constituted the basis of the complaint, was listed as one of defendant's scheduled debts in the bankruptcy proceedings. The proceedings on the worthless check complaint were stayed until defendant's final discharge in bankruptcy on February 5, 1962.

On April 27 a preliminary hearing was had and defendant was bound over to the district court for trial. An information was filed in the latter court charging the defendant with the issuance of the worthless check as hereinbefore related.

Prior to the trial on the information in the district court defendant filed an application to abate the action pursuant to G. S. 1949, 21-556, which provides, in substance, that in any case where a prosecution is begun under the provisions of the "worthless check" act, the defendant shall have the right, upon application made before trial, to have the action abated by showing to the court that he had an account in the bank upon which the check or draft was drawn thirty days next prior to the time the check was delivered, and that the check was not drawn upon the bank with the intent to defraud the party receiving it, and if the court shall so find, the action shall be abated and the defendant discharged *upon paying into court the amount of such check and the costs in said case.*

At the hearing on his application to abate defendant introduced a certified copy of his discharge in bankruptcy entered on February 5, 1962, and other evidence. The trial court found that at the time the check was given defendant had an account in the bank on which the check was drawn within thirty days next prior to giving the check and that defendant did not have the intent to defraud the payee at the time the check was issued. The court also found the defendant was not in a position to abate the check by paying the amount of the check and costs, and further found that under the authority of *State v. Breitenbach,* 190 Kan. 189, 373 P. 2d 601,

defendant's discharge in bankruptcy was not grounds for abatement of the action and overruled defendant's motion to abate.

Subsequent thereto defendant waived his right to trial by jury and the case was tried to the court. The court found the defendant guilty and under the provisions of G. S. 1949, 21-555, sentenced him for the offense charged in the information. From an order overruling defendant's motion for new trial and his plea in abatement defendant has appealed.

The two questions presented on this appeal are (1) whether a discharge in bankruptcy may be pleaded by an offender under the "worthless check" statute (21-554) as payment of the check in a proceeding authorized by section 21-556 and thereby secure an abatement of a criminal action and obtain his discharge, and (2) if a discharge in bankruptcy of the liability on the check does not constitute an abatement under *section 21-556* of the "worthless check" act, then is the act in conflict with section 17 of the Bankruptcy Act and the Supremacy Clause of the Constitution of the United States.

The defendant is fully aware of our recent case of *State v. Breitenbach*, 190 Kan. 189, 373 P. 2d 601, which overruled our previous decision in *In re Myers*, 119 Kan. 270, 237 Pac. 1026; however, he asks us to re-examine the *Breitenbach* decision and reinstate the rule in *In re Myers*. We will not restate the facts in the *Breitenbach* case, but it may be said that they are practically identical with the facts in the instant case, especially insofar as they affect the rules of law therein enunciated.

In the *Breitenbach* case we stated we had no quarrel with the holding that a discharge in bankruptcy is the equivalent of payment of the *civil liabilities* of all the bankrupt's provable debts (11 U. S. C. A. § 35; G. S. 1949, 60-3601, 3602) and further stated:

"The right to abate a criminal action afforded an offender under 21-556 is a right which he may or may not invoke. It is a privilege given by law to permit such an offender to correct an innocent mistake in issuing an insufficient fund check (*State v. Morris*, 190 Kan. 93, 372 P. 2d 282). If the right is invoked, the offender must bring himself clearly within the terms of the statute, that is, he must show to the satisfaction of the court or judge that he has complied with the three statutory requirements: first, that he had an account in the bank 30 days next prior to the giving of the check; second, that the check was given without intent to defraud the party receiving it, and third, if the court shall so find, '*said action shall be abated and the defendant shall be discharged upon paying into Court the amount of such check and the costs in said case*' (G. S. 1949, 21-556; *State v. Morris*, 190 Kan. 93, 372 P. 2d 282).

". . . The criminal prosecution is a matter in which the state alone is interested, and it is wholly unrelated to the proceedings in the bankruptcy court. It is elementary that there is a difference between a criminal action and a civil proceeding such as one in bankruptcy. Where the violation of a right admits of both a civil and criminal remedy, the right to prosecute the one is not merged in the other (G. S. 1949, 60-109). The state is not here seeking to enforce the Coop's civil remedy. On the contrary, the defendant is seeking to abate the criminal action and obtain his discharge. That may be done only in the manner provided by the statute. While his discharge in bankruptcy is the equivalent of payment of his *civil liabilities* to his creditors, his payment of the check and costs to abate his *criminal liability* would not now constitute a preference of his creditors. Nor does the fact that the bankruptcy court made no determination that the debt represented by the check was not dischargeable under Sec. 17a (2) preclude the state from asserting that the defendant comply with the clear and unambiguous terms of the statute." (pp. 193, 194.)

The defendant contends that payment of the check under section 21-556, since the payment is not in the form of a fine or penalty, is in fact the payment of a civil obligation, and therefore a discharge in bankruptcy should abate the action under the said statute. However, the contention is not sound. As stated in the *Breitenbach* case, while the debt on the check is a *civil liability* and could be satisfied by a discharge in bankruptcy, the act of writing a worthless check creates a *criminal liability* and is not discharged by a proceeding in bankruptcy. Section 21-556 is merely a permissive statute under the criminal code that provides the offender with a method of discharging his criminal liability without subjecting himself to prosecution. This is a privilege of which the defendant may or may not avail himself.

In the *Breitenbach* case we construed section 21-556 and held that a discharge in bankruptcy may not be pleaded by an offender under the "worthless check" statute (G. S. 1949, 21-554) as payment of the check in a proceeding to abate the criminal action and obtain his discharge.

In the recent analogous case of *Kesler v. Dept. of Public Safety,* 369 U. S. 153, 7 L. Ed. 2d 641, 82 S. Ct. 807, involving the Motor Vehicle Safety Responsibility Act, which essentially provided that to avoid suspension of a driver's license the operator must show proof of his ability to respond in damages in the future and must satisfy any judgment for any torts committed by him on the highway in the past, it was held that a discharge in bankruptcy relieves the bankrupt from legal liability to pay a debt that was provable,

162

and is a valid defense in an action brought in the state court to recover the debt, but it does not free the bankrupt from all traces of the debt as though it had never been incurred. It was there stated that although states are not free to impose whatever sanctions they wish, other than an action of debt or assumpsit, to enforce collection of a discharged debt, the Bankruptcy Act does not forbid a state to attach any consequence whatsoever to a debt which has been discharged. The "worthless check" act leaves the bankrupt, to some extent, burdened by the discharged debt.

In *State v. Avery,* 111 Kan. 588, 207 Pac. 838, Justice Rousseau A. Burch, in speaking for this court, stated the purpose of the "worthless check" act was to discourage overdrafts and resulting bad banking, to stop the practice of "check kiting," and generally to avert the mischief to trade, commerce and banking which the circulation of worthless checks inflicts, thus establishing the public policy of this state, which, when exerted for the protection of the people of the state, is as pervasive as any of the reserved powers of the state and should be respected unless there is a clear collision with the national law which has the right of way under the Supremacy Clause of the federal Constitution.

It seems apparent that the intent of the legislature in enacting section 21-556, providing for the abatement of the offense upon meeting the requirements set forth therein, should serve as a substantial deterrent to prevent the fraudulent making and uttering of such checks thereby stopping the practice of "check kiting" and averting the mischief to trade, commerce and banking.

We are of the opinion the provisions of the mentioned "worthless check" act are not invalid under the Supremacy Clause of the federal Constitution as conflicting with the Bankruptcy Act, and what was said in *State v. Breitenbach,* supra, is controlling here and reaffirmed. It follows that the judgment of the trial court is affirmed.

It is so ordered.

PRICE, J., not participating.

SCHROEDER, J., dissenting: I cannot agree with the decision for the reasons stated in my dissent in *State v. Breitenbach,* 190 Kan. 189, 373 P. 2d 601, at page 194 of the official reports.