[Crim. No. 10286. Third Dist. Oct. 11, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD RAY WASHBURN, Defendant and Appellant.

622

## Counsel

Ford & Franchi and Donald R. Franchi for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Ramon M. de la Guardia, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**REGAN, Acting P. J.**—This case is before us on certification from the Yolo County Superior Court after a decision by its appellate department. ██ We granted the transfer to this court for the purpose of determining whether an order of restitution of money imposed by a municipal court upon a convicted criminal defendant as a condition of

probation is a "debt" dischargeable in bankruptcy. This is a question of law which to our knowledge has not heretofore been directly decided in this state.

The Appellate Department of the Superior Court of Yolo County rendered its opinion that there can be no discharge. The case was appealed to the appellate department of the superior court on a settled statement of fact, and is certified here on such facts, as follows:

"1. On May 21, 1977, defendant DONALD RAY WASHBURN was involved in an automobile accident wherein the property of the State of California was damaged. The damage resulted from a negligent act of the defendant. The cost of repair was determined to be Two Hundred. Seventy and no/100 dollars ($270.00).

"2. On July 27, 1977, the defendant entered a guilty plea to a violation of California Vehicle Code section 23102 (a) [driving while intoxicated]. This charge arose from the aforesaid accident.

"3. On September 7, 1977, the Honorable JOSEPH A. MARTIN placed the defendant on formal probation for this offense. One of the conditions of probation was that WASHBURN pay restitution to the State of California in the amount of Two Hundred Seventy and no/100 ($270.00). Payment was to be made through the Yolo County Probation Department. Defendant made no objection to this or any other condition of probation.

"4. On January 20, 1978, the Court filed a Declaration in Support of Revocation of Probation, alleging that WASHBURN had failed to pay any part of [the restitution] and that he failed to complete a required educational course.

"5. On May 5, 1978, the defendant filed a petition in bankruptcy in the United States District Court for the District of Idaho, Bankruptcy No. 78-0520. Included in Schedule A-3 of the Bankruptcy Petition was the Department of Transportation and the Yolo County Probation Department.

"6. On July 19, 1978, Yolo County Probation Officer LOIS SPECK filed in the Yolo County Municipal Court an affidavit which alleged that WASHBURN had violated the terms of his probation by failing to report to the Probation Department and by failing to pay any restitution. The Court thereupon revoked the Order of Probation.

"7. A probation violation hearing was held in Department 1 of the Yolo County Municipal Court on September 22, 1978. The Court determined that WASHBURN was in violation of the terms of his probation.

"8. On October 6, 1978, the Court reinstated the defendant on probation, but extended the term for another twelve (12) months. Probation was offered on the same terms and conditions as had been imposed originally.

"9. Defendant, through counsel, objected to the imposition of that term of probation requiring restitution. Counsel argued that restitution was a debt which had been discharged in bankruptcy.

"10. The Court rejected this argument. Judge MARTIN reasoned that the restitution was not imposed as a debt or tort claim. He pointed out that the goal of probation was rehabilitation, and that this end was furthered by the requirement that the defendant reimburse the victims for property damage resulting from his criminal behavior."

Defendant principally contended before the appellate department of the superior court, and here, that the law of the United States on bankruptcy is the supreme law of the land on that subject and it would therefore be contrary to the United States Constitution to impose upon him a condition of probation requiring restitution of a "debt" which had been lawfully discharged in bankruptcy.

The rationale of the appellate department was that bankruptcy obviously relates to "provable debts" (see, e.g., 11 U.S.C. § 1(14)) but that amount ordered to be paid by the municipal court as restitution is not a "debt" within the meaning of the bankruptcy law. The appellate department concluded that a condition of probation which consisted of restitution to a victim of a criminal act could have no relationship to a "debt" to the victim, since it is part of a judgment of conviction and is for the purpose of punishment, rehabilitation and helping to insure defendant will lead a law-abiding life.

Defendant contends that the appellate department "failed to recognize the very fundamental difference between willful and intentional acts which are non-dischargeable under the Bankruptcy Law and the type of act [negligence] which resulted in the damages suffered by the State of California."

It appears to us that quite the contrary is true. That court plainly recognized the difference to which defendant adverts, insofar as it is pertinent to a normal bankruptcy situation. That court stated in its opinion that "if the liability proceeds through the bankruptcy hearings based on simple negligence and otherwise properly provable, it might well be discharged so far as the [State] is concerned. But, that refers only to the *actual or potential civil suit* of the injured party." (Italics added.) We believe this point of distinction to be well taken.

The case of *People* v. *Richards* (1976) 17 Cal.3d 614 [131 Cal.Rptr. 537, 552 P.2d 97], contains a recent and appropriate discussion of the nature of probation and the relationship of restitution or reparation as a natural part of the concept of probation in criminal law. The Supreme Court pointed out in *Richards* that Penal Code section 1203.1 expressly allows courts to impose reparation conditions to probation. (*Id.,* at p. 621.) The court made a significant distinction between reparations which are strictly for criminal purposes (as here) and those which may go beyond this point. (*Id.,* at pp. 621-622.) In *Richards,* the trial court had imposed probation on defendant for a crime (grand theft in sale of a mining claim) for which he was convicted but had required restitution to a "victim" of another sale, as to which a jury had acquitted defendant. The Supreme Court held this invalid, saying the courts could not be "collection agencies" simply on grounds a defendant owed money and to allow him to avoid the debt would be unjust. (*Id.,* at p. 620.) ▆ Thus, our Supreme Court has expressly recognized (a) the major goal of section 1203.1 is to rehabilitate the criminal; (b) that restitution may serve the salutary purpose of making a criminal understand that he had harmed not only society in the abstract but also individual human beings, and that he has a responsibility to make them whole; and (c) restitution as a criminal probation condition is not part of the civil debtor-creditor relationship or syndrome. (*Id.,* at pp. 619-620.) In this connection, the court expressly stated, "Disposing of civil liability cannot be a function of restitution in a criminal case." (*Id.,* at p. 620.)

▆ The rationale of the Supreme Court in *Richards* lends significant support to the decision of the Appellate Department of the Yolo County Superior Court. Moreover, and more directly in point, is a decision of a New York court in *People* v. *Mosesson* (1974) 78 Misc.2d 217 [356 N.Y.S.2d 483]. In that case defendant had pleaded guilty to grand larceny in dealing with the City of New York. Among conditions of probation was restitution of moneys to the city. Two months prior to the probation order defendant had filed a petition in bankruptcy listing the city as a

creditor. About three weeks after the probation order, an order of discharge in bankruptcy was entered. Defendant then moved the New York court for an order removing the restitution condition to his probation. The New York court held in pertinent part, as follows:

"A discharge in bankruptcy has no effect whatsoever upon a condition of restitution of a criminal sentence. A bankruptcy proceeding is civil in nature and is intended to relieve an honest and unfortunate debtor of his debts and to permit him to begin his financial life anew (In re Munford, D.C., 255 F. 108). A condition of restitution in a sentence of probation is a part of the judgment of conviction. It does not create a debt nor a debtor/creditor relationship between the persons making and receiving restitution. As with any other condition of a probationary sentence it is intended as a means to insure the defendant will lead a law-abiding life thereafter (Penal Law, § 65.10)." (*Id.,* at p. 484; see also *People on Inf. of Auerbach* v. *Topping Bros.* (1974) 79 Misc.2d 260 [359 N.Y.S.2d 985, 987-988].)

In summary, we agree with the conclusion of the Appellate Department of the Yolo Superior Court that the Bankruptcy Act does not "contemplate nor perceive" that its provisions would apply to orders for restitution as conditions of probation.

The judgment (order reinstating restitution as a condition of probation) is affirmed.

Janes, J., and Warren, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.