[Crim. No. 15073. Fourth Dist., Div. One. July 28, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
SANDRA ANN CALHOUN, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Paul Bell, Deputy State Public Defender, and Patrick Q. Hall for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Michael D. Wellington and A. Wells Petersen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—In August 1979, Sandra Calhoun, while driving under the influence of alcohol, ran her car into two parked cars, damaging the cars and injuring the passengers in her car. In January 1980, Calhoun pleaded nolo contendere to drunk driving causing injury to another (former Veh. Code, § 23101, subd. (a)). She received probation on several conditions, one of which required her to pay restitution of $1,386.15 to the owners of the two damaged cars. The amount of the restitution order was based on the portion of the repair costs for which the owners of the cars were not compensated by their insurance companies. No restitution was ordered to reimburse the insurance company which paid a claim as a result of the accident. The insurance company sued Calhoun to recover its loss.

After the probation order was entered and the insurance company filed its suit, Calhoun filed for bankruptcy and was granted a discharge of all her debts. Included in her bankruptcy petition's schedule of debts were her restitution obligation to the probation department and the potential judgment in favor of the insurance company. After she was granted the discharge, the probation department requested the restitution order be modified to require Calhoun to reimburse the insurance company as well as the car owners. Calhoun argued the entire restitution order should be rescinded because it had been discharged in bankruptcy, and in the alternative, nothing should be paid to the insurance company because it was not a "victim" of her crime. The superior court found the discharge in bankruptcy has no effect on the restitution order, but due to Calhoun's low income, the court refused the probation department's request to increase the restitution obligation. The court did, however, modify the probation order to require some of the money payable to one of the car owners to be paid to her insurance company instead because the owner had told the court she would receive less money from her insurance company than she actually did. The final restitution order, therefore, provides for the owners of the damaged cars to receive all of their out-of-pocket loss but the insurance company will receive less than one-fourth of the amount it paid out.

Calhoun appeals, contending the superior court erred in finding the restitution order was not discharged in bankruptcy and in awarding some restitution to the insurance company.

Calhoun bases her contention the grant of her bankruptcy petition discharges the restitution probation condition on a claim the supremacy clause of the federal Constitution prohibits a state court from reinstating a debt discharged in bankruptcy. That argument, as far as it goes, is correct. It is, however, well established a restitution order resulting from a criminal conviction is not a "debt." In *People* v. *Washburn* (1979) 97 Cal.App.3d 621 [158 Cal.Rptr. 822], the defendant made the exact same claim Calhoun makes here. The court there held a bankruptcy has no effect on a criminal restitution order because such an order does not create a debtor/creditor relationship as the order's purpose is to facilitate rehabilitation of the defendant, not to compensate the victim (97 Cal.App.3d at pp. 625-626). The *Washburn* analysis is based on the holding of the California Supreme Court in *People* v. *Richards* (1976) 17 Cal.3d 614 [131 Cal.Rptr. 537, 552 P.2d 97]. *Richards* held the criminal courts cannot act as collection agencies through exercise of their authority to require restitution as a condition of probation, but rather, may order restitution only where it will serve the purpose of rehabilitating the defendant (17 Cal.3d at p. 620). The court went on to imply a bankruptcy petition by the defendant would have no effect on restitution ordered for that proper purpose as it listed the effect of bankruptcy as one of the reasons restitution cannot be based on acts by the defendant which have *not* been adjudged to be criminal in nature (17 Cal.3d at p. 621); we may infer the court considered restitution based on acts underlying a conviction is unaffected by a bankruptcy petition by the defendant.

Calhoun argues *Washburn* should not be followed because it is inconsistent with bankruptcy court cases. That is incorrect. *In re Button* (Bkrtcy. W.D.N.Y. 1981) 8 B.R. 692, agrees with *Washburn*'s holding criminal restitution creates no creditor/debtor relationship and is thus unaffected by a discharge in bankruptcy. "Under the new Bankruptcy Code, § 101(11) says the term 'debt' means liability on a claim. 'Claim,' pursuant to § 101(4) means right to payment. 'Creditor,' according to § 101(9) generally means an entity that has a claim against the debtor that arose before filing. From these definitions, it does not appear that restitution could be considered a debt nor that a victim could be considered a creditor. With restitution, the victim has no right to payment. It is the criminal court which sets the restitution amount and if it is not paid the victim cannot proceed against the debtor to enforce payment, but instead the probation officer must report the event of nonpayment to the court which in turn determines if a violation of probation has occurred." (8 B.R. at p. 694.)

*Button* goes on to explain Congress did not intend a bankruptcy to affect criminal restitution as section 362(b)(1) of the Bankruptcy Act says a bankruptcy petition shall have no effect on a criminal proceeding, and the leg-

islative history of the Bankruptcy Act (House Report No. 95-595) says "bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension." (8 B.R. at p. 693.)

Another bankruptcy court case, *In re Magnifico* (Bkrtcy.D.Ariz. 1982) 21 B.R. 800, cites *Washburn* with approval and, like *Button,* holds a criminal restitution order may not be discharged in bankruptcy. *Magnifico* also distinguishes the bankruptcy court cases relied on by Calhoun, explaining the purpose of restitution in those cases was to make a victim whole after a preexisting debt owed to him by the defendant was discharged in bankruptcy. That was not the case in *Magnifico* or *Washburn* and is clearly not the case here; the superior court ordered an amount of restitution it thought Calhoun could afford and yet would force her to realize the hardship her actions had caused others, not an amount sufficient to make the aggrieved parties whole. *Washburn,* not the bankruptcy court cases cited by Calhoun, is the controlling authority here. The superior court correctly found Calhoun's bankruptcy does not affect the restitution condition to her probation.

■ There is also no merit to Calhoun's contention it is improper to allow restitution to be paid to the insurance company. The basis for this claim is the fact the insurance company is not a direct victim of the crime. It is true the provision under which restitution was ordered here, Penal Code section 1203.1, does refer to payment of restitution to "victims," but it does not expressly limit payment to immediate victims. *People* v. *Richards, supra,* 17 Cal.3d 614, allows the trial court broad discretion in setting conditions of probation. *People* v. *Clark* (1982) 130 Cal.App.3d 371 [181 Cal.Rptr. 682], holds the discretion includes the authority to order restitution to parties other than immediate victims. "Defendant would have us hold that a restitution condition may never be ordered in favor of anyone other than the direct victim of a crime and may not be ordered for any amount other than direct liquidated damages. We do not believe that to be the appropriate rule. In our view, the propriety of a particular restitution condition must be determined by reference to the purposes of probation in light of the facts and circumstances of each case." (*People* v. *Clark, supra,* 130 Cal.App.3d 371, 385.)

*People* v. *Alexander* (1960) 182 Cal.App.2d 281 [6 Cal.Rptr. 153], allows the exact probation condition Calhoun argues is inappropriate: payment of restitution to an insurance company which had to reimburse the victim of defendant's crime for the loss caused by the defendant. Such an order is consistent with paragraph four of section 1203.1, which allows the trial court to impose "any or all" probation conditions "as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for *any injury done to any*

*person* resulting from such breach and generally and specifically for the reformation and rehabilitation of the probationer . . . ." The insurance company's loss here was directly related to Calhoun's criminal conduct; there is no reason the superior court should not have considered it in setting the conditions of her probation.

The judgment is affirmed.

Cologne, J., and Staniforth, J., concurred.