[No. 5103-0-III. Division Three. December 11, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES ERNST EYRE, SR., *Appellant.*

*Randy Barnard,* for appellant (appointed counsel for appeal).

*E. R. Whitmore, Jr., Prosecuting Attorney,* and *Susan M. Lomax, Deputy,* for respondent.

McINTURFF, J.—On July 17, 1981, James Eyre, Sr., was convicted of two Washington state securities act violations.[1] On November 16, 1981, the Superior Court suspended his sentence and imposed 10 years' probation upon the condition that Mr. Eyre pay $574,600 in restitution.[2] Prior to sentencing, however, Mr. Eyre filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Washington. As a result of this filing, Mr. Eyre contends restitution is an inappropriate probation condition because the Bankruptcy Act discharged the debts as a

---

[1]Mr. Eyre pleaded guilty to counts 5 and 7 of a 7-count amended information. Count 5 charged him with violations of RCW 21.20.010 (fraudulent conduct in the offer, sale or purchase of any security). Count 7 charged him with violations of RCW 21.20.140 (unlawful sale of unregistered securities).

[2]The restitution was subject to several conditions, including the condition that his "duty to make restitution shall exist only so long as [he] has the present financial ability to pay without causing undue hardship on himself or his dependents . . ."

personal liability. We affirm.

The pertinent section of the bankruptcy code provides:

(a) A discharge under this title—

. . .

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor . . .

11 U.S.C. § 524(a)(2). The United States Supreme Court has stated on several occasions that "[o]ne of the primary purposes of the Bankruptcy Act" is to provide debtors "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 78 L. Ed. 1230, 54 S. Ct. 695, 93 A.L.R. 195 (1934); *People v. Washburn,* 97 Cal. App. 3d 621, 158 Cal. Rptr. 822, 825 (1979); *People v. Mosesson,* 78 Misc. 2d 217, 356 N.Y.S.2d 483, 484 (1974).

Bankruptcy, however, is meant to protect those in economic, not legal difficulty. It was not meant as a refuge for criminals. *See* H.R. Rep. No. 595, 95th Cong., 2d Sess. 342, *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 5963, 6299; *Barnette v. Evans,* 673 F.2d 1250, 1251 (11th Cir. 1982); *Washburn,* at 825.

These underlying tenets apply where criminal restitution has been imposed upon a debtor. Filing a bankruptcy petition does not operate as a stay where the commencement or continuation of a criminal action exists. 11 U.S.C. § 362. Restitution, as a condition of probation, is a part of the conviction's judgment and therefore a continuation of criminal action. *See* RCW 9.95.210 (court authority to levy criminal restitution as a probation condition). Here, the Superior Court established as a probation condition that Mr. Eyre make restitution. His bankruptcy filing has no effect upon the restitution imposed.

Mr. Eyre's reliance upon *Perez v. Campbell,* 402 U.S. 637, 648, 29 L. Ed. 2d 233, 91 S. Ct. 1704 (1971) is misplaced when he contends the Superior Court improperly

conditioned probation on payment of debts. There, the Court ruled as violative of the supremacy clause an Arizona statute which suspended one's driver's license unless the driver satisfied tort judgments resulting from vehicle accidents. *Perez,* 402 U.S. at 639. Unlike *Perez,* the restitution imposed here is not an action to collect a tort debt, but rather one of punishment and rehabilitation of a person convicted of a crime. *See State v. Barr,* 99 Wn.2d 75, 79, 658 P.2d 1247 (1983).

"Debt", as defined by the bankruptcy code, is any liability on a claim, 11 U.S.C. § 101(11), and "claim" means a right to payment. 11 U.S.C. § 101(4). "Creditors" means an entity possessing a claim against the debtor that arose before filing. 11 U.S.C. § 101(1). Given these definitions, criminal restitution may not be considered "debt" nor the victim a "creditor". Criminal restitution does not create in the victim a right to payment. The court determines the amount of restitution, RCW 9A.20.030, and failure to make restitution vests a duty in the defendant's probation officer to inform the prosecutor of probation violations. RCW 9.92.060. The statute does not provide victims an avenue to pursue personal enforcement of criminal restitution. In accord, decisions of other jurisdictions support the conclusion that criminal restitution is not debt but is criminal punishment. *See, e.g., People v. Feno,* __ Cal. App. 3d __, 201 Cal. Rptr. 513, 522 (1984); *In re Johnson,* 32 Bankr. 614 (D. Colo. 1983); *In re Magnifico,* 21 Bankr. 800 (D. Ariz. 1982); *In re Button,* 8 Bankr. 692 (W.D.N.Y. 1981).

Indeed, our Supreme Court recognizes that "[r]estitution, as a condition of probation, is primarily a rehabilitative tool." *Barr,* at 79. While one of the primary purposes of restitution is to aid the individual victim, its other purpose is to impress upon the offender the consequences of his conduct and his responsibility to repair that loss as much as possible. Defendants who learn this through probation have "taken a large step forward in the process of rehabilitation." Model Penal Code § 301.1, comment 7 (Tent. Draft No. 2, 1954); D. Dressler, *Probation and Parole* 176–77

(1969); *State v. Morgan,* 8 Wn. App. 189, 190, 504 P.2d 1195 (1973). The restitution imposed here serves the above purposes of rehabilitation. By requiring payment to Mr. Eyre's victims, the court reemphasized that Mr. Eyre's conduct caused detrimental effects upon the community from which he must not profit, monetarily or otherwise.

Since the restitution imposed by the Superior Court constitutes punishment and rehabilitation rather than forced payment of a discharged debt, the bankruptcy does not affect the punishment imposed.

The judgment of the Superior Court is affirmed.

MUNSON, C.J., and GREEN, J., concur.

Review denied by Supreme Court February 15, 1985.