732 P.2d 879

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Edward MUZIO, Defendant-Appellant.**

No. 9200.

Court of Appeals of New Mexico.

Jan. 13, 1987.

Certiorari Denied Feb. 18, 1987.

Paul G. Bardacke, Atty. Gen., Reginald J. Storment, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Paul J. Kennedy, Albuquerque, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Defendant appeals his conviction on three counts of issuing worthless checks, contrary to NMSA 1978, Section 30–36–4 (Repl.Pamp.1980). On appeal, defendant claims: (1) that the trial court erred in allowing the criminal prosecution because it was barred by the federal Supremacy Clause and Bankruptcy Code; (2) that the trial court used the statutory presumption of intent to defraud, NMSA 1978, Section 30–36–7(B) (Repl.Pamp.1980), thus violating the Supremacy Clause and defendant's due process rights; (3) that the trial court erroneously assumed it lacked power to order restitution; (4) that defendant's conviction of issuing worthless checks is not a fourth-degree felony offense under the Criminal Sentencing Act; (5) that the trial court abused its discretion in denying defendant's motion for a new trial; and (6) that there was insufficient evidence to uphold defendant's conviction.

We affirm as to each of the issues, except as to the designation of the degree of the crime charged for the offenses of issuing worthless checks; as to the latter issue, we remand for correction of the judgment and resentencing.

### FACTS

Defendant operated a restaurant in Coronado Shopping Center in Albuquerque. In May 1985, defendant began experiencing financial problems stemming in part from a civil judgment obtained against him in excess of $53,000. In June 1985, defendant closed his business and moved his equipment to other locations. Defendant issued a number of checks drawn on his business account in excess of the funds on deposit, including a check on June 4, 1985, to Sears in the amount of $177.82, for the purchase of tools (Count II); a check dated May 31, 1985, to the Price Club in the amount of $2,114.26, for TV sets, VCR's, radios, gourmet food, alcohol and other items (Count V); and a check to the Price Club dated June 1, 1985, in the sum of $5,141.96, for other miscellaneous merchandise (Count VI).

The three checks listed above were dishonored and defendant failed to return the merchandise or to pay the victims the amounts due. Defendant then filed for bankruptcy. The district attorney sought and obtained a grand jury indictment charging defendant with six counts of issuing worthless checks. Following a bench trial, defendant was convicted on Counts II, V and VI. Defendant was acquitted on the remaining charges.

## I. APPLICABILITY OF SUPREMACY CLAUSE

Defendant argues that the district attorney initiated the criminal proceeding for the purpose of collecting the debts incurred by defendant due to the issuance and dishonor of the checks, and that the debts represented by the dishonored checks had been discharged in bankruptcy. Defendant asserts that the federal Bankruptcy Code, 11 U.S.C. § 362 (1978), provides for an automatic stay of collection proceedings for discharged debts and that, because the debts were subsequently discharged in bankruptcy, the state prosecution was improper.

Defendant also contends that the state criminal prosecution against him was improper under the Supremacy Clause of the federal constitution. U.S. Const. art. VI, cl. 2. In advancing this contention, defendant also cites 11 U.S.C. Section 524(a)(2) (1978), which specifies that a discharge "operates as an injunction against the commencement or continuation of an action ... to collect, recover or offset any such debt * * * of the debtor * * * whether or not discharge of such debt is waived."

The issue of whether a criminal proceeding initiated against defendant under the state Worthless Check Act, NMSA 1978, Sections 30–36–1 to –10 (Repl.Pamp.1980 and Cum.Supp.1985), is void and without effect under the federal Supremacy Clause, due to the accused's prior discharge in bankruptcy, is one of first impression in New Mexico. On appeal, defendant, although acknowledging that he failed to

raise this issue below, argues that his prosecution was barred by law, hence we interpret his argument to raise a jurisdictional issue. *See Williams v. Public Service Commission of Wyoming,* 626 P.2d 564 (Wyo.1981) (court held that appellant's Supremacy Clause challenges raised question of the public service commission's subject matter jurisdiction and must be addressed on merits even though issue was never raised below).

The purpose of the federal bankruptcy law is to " 'relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes.' " *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (*citing Williams v. United States Fidelity & Guaranty Co.,* 236 U.S. 549, 554–55, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915)). The purpose of the Worthless Check Act is to remedy the evil of giving checks on a bank or depository without providing funds to pay or satisfy them. NMSA 1978, § 30–36–3 (Cum.Supp.1986). To be convicted under the Act requires an express finding of an intent to defraud. NMSA 1978, § 30–36–4 (Repl.Pamp.1980). Thus, this is not a statute for debt collection but, rather, a statute created to punish an evil intent and an evil action. Defendant's prosecution centered around his issuing of worthless checks with intent to defraud Sears and Price Club, not his inability to pay his bills.

A debtor's filing of a petition for bankruptcy or obtaining of a discharge under the Bankruptcy Code does not prevent the institution and prosecution of criminal proceedings against a debtor for criminal acts. 11 U.S.C. § 362(b)(1) (1978). *See Barnette v. Evans,* 673 F.2d 1250 (11th Cir.1982); *Parker v. United States,* 153 F.2d 66 (1st Cir.1946); *People v. Washburn,* 97 Cal. App.3d 621, 158 Cal.Rptr. 822 (1979); *State v. Bontz,* 192 Kan. 158, 386 P.2d 201 (1963); *see also* Hensley & Smith, *Preemption Effect on Younger v. Harris Abstention: May a Bankruptcy Court Enjoin a State Criminal Prosecution?,* 35 Mercer L.R. 1345 (1984). The Bankruptcy Code only

prohibits the commencement of a criminal action to "collect, recover or offset" a debt. 11 U.S.C. § 524(a)(2). Here, defendant was tried for issuing worthless checks with intent to defraud. Substantial evidence was presented to support the inference that defendant knew the checks were worthless when he issued them. The conclusion by the trier of fact that defendant acted with the intent to defraud is a question of the sufficiency of the evidence, and sufficiency of the evidence questions are viewed in the light most favorable to the verdict, indulging all inferences and resolving all conflicts in favor of that verdict. *State v. Brown,* 100 N.M. 726, 676 P.2d 253 (1984). Consequently, we need not, as defendant suggests, look to the prosecutor's motives in commencing criminal proceedings. On its face, the Worthless Check Act addresses the passing of worthless checks with the intent to defraud and a defendant's prosecution for violation of such law is not precluded by filing for or obtaining a discharge in bankruptcy. The provisions of the Bankruptcy Act are not so intrusive so as to pardon a bankrupt from the consequences of a criminal offense. *Parker.* The federal Bankruptcy Act is meant to protect those in economic distress, not to shelter a party from liability for criminal conduct. *Barnette v. Evans; In re Moore,* 111 Fed. 145 (W.D.Ky.1901); *State v. Eyre,* 39 Wash.App. 141, 692 P.2d 853 (1984).

Defendant's assertion of fundamental error or bar of criminal prosecution under the Supremacy Clause does not apply to the case before us.

## II. PRESUMPTION OF FRAUD

Defendant argues that the trial court relied on the statutory presumption of intent to defraud in reaching its decision that he was guilty of three counts of issuing worthless checks. Under Section 30–36–7(B), a person notified of the dishonor of one or more checks must pay the checks in full within three business days in order to avoid the presumption of fraud. Defendant claims that when he filed for bankruptcy he was precluded from paying off the

checks because the bankruptcy court would void the repayment as an improper preference to certain creditors. Thus, defendant contends that this issue involves fundamental error and that the state court was deprived of jurisdiction to proceed with the prosecution against him. We disagree.

■ The alleged misuse of the statutory presumption was not raised at trial and there is no evidence in the record to support defendant's contention that the trial court applied the presumption. Defendant did not ask the trial court for a factual finding concerning the statutory presumption nor did defendant enter a specific objection. New issues may not be raised on appeal, whether they are listed in the docketing statement or not. *Melon v. State*, 90 N.M. 787, 568 P.2d 1233 (1977). Defendant's claim of fundamental or jurisdictional error is without merit. Moreover, at the trial on the merits, the court did not mention the statutory presumption of fraud in its findings of fact or conclusions of law. The trial court correctly stated that defendant's intent at the time of *issuing* the checks was determinative as opposed to his supposed failure to honor the checks. Consequently there is no factual basis that the trial court relied on the presumption in reaching its decision. Additionally, other substantial evidence exists in the record upon which to infer defendant's intent to defraud. Based on the record, therefore, we cannot say that the trial court abused its discretion by inferring defendant's guilt from other evidence apart from the statutory presumption of intent to defraud.

## III. RESTITUTION

■ Defendant next claims that the trial court inquired at the sentencing hearing whether it possessed the power to order restitution to the victims of the three counts for which defendant was convicted, because of a potential conflict with the federal Bankruptcy Code. After being informed by both defendant and the prosecutor that the court had the power to order restitution, the judge stated, "Well, I don't think it makes a lot of difference right now

in view of the fact that restitution is a condition of probation and that's not what the court's going to do." This post-conviction statement of the court made before entry of a judgment and sentence is not binding; only a written order or judgment signed and filed by the court is legally effective to implement the court's ruling. *See Smith v. Love*, 101 N.M. 355, 683 P.2d 37 (1984); *State v. Crespin*, 90 N.M. 434, 564 P.2d 998 (Ct.App.1977).

■ The filing by a defendant for bankruptcy or the obtaining of a discharge in bankruptcy does not void a restitution order imposed as a condition of probation under a state criminal judgment. *See Kelly v. Robinson*, — U.S. —, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). Defendant concedes that the sentence was within the statutory limits and, therefore, was not an abuse of discretion. Defendant contends, however, that because the court did not fully consider restitution as an option, the court did not consider imposing a deferred or suspended sentence. We disagree. Although the trial court was invested with the authority to impose a suspended sentence and place the defendant upon probation with a provision for restitution, here the record indicates the trial court was fully informed as to its sentencing options. Defendant's discharge in bankruptcy did not preclude his sentencing after conviction under state criminal statutes. *See Robinson; People v. Mosesson*, 78 Misc.2d 217, 356 N.Y.S.2d 483 (1974). Defendant's contention is without merit.

## IV. SENTENCING

The judgment and sentence entered by the trial court recited that the offense of issuing worthless checks was a "fourth degree felony offense." The Worthless Check Act does not use the words "felony" or "misdemeanor." §§ 30–36–1 to –10. Under Section 30–36–5(B), the prescribed penalty for issuing worthless checks over $25 is a one-to-three-year sentence in the penitentiary, or a fine of $1,000 per check, or both such imprisonment and fine.

■ As worded, the Criminal Sentencing Act applies to both Criminal Code and other crimes. NMSA 1978, Section 31–18–13(A) (Repl.Pamp.1981), provides: "Unless otherwise provided in this section, all persons convicted of a crime under the laws of New Mexico shall be sentenced in accordance with the provisions of [this Act]." Section 31–18–13(B) further provides:

Whenever a defendant is convicted of a crime under the New Mexico constitution, or a statute not contained in the Criminal Code, which specifies the penalty to be imposed on conviction, the court shall set as a definite term of imprisonment the minimum term prescribed by such statute or constitutional provision and may impose the fine prescribed by such statute or constitutional provision for the particular crime for which such person was convicted.

Under the Criminal Sentencing Act, the basic sentence that may be imposed for a fourth degree felony is eighteen months (NMSA 1978, § 31–18–15(A)(4) (Repl.Pamp. 1981)) and a fine not to exceed $5,000. § 31–18–15(D)(3). The minimum sentence imposed for issuing worthless checks is less than the stated sentence for fourth degree felonies. Hence, we determine that a conviction for issuing a worthless check over $25.00 does not constitute a fourth degree felony. § 30–36–5(B). NMSA 1978, Section 31–19–1 (Cum.Supp.1986), the sentencing authority for misdemeanors, imposes a jail term of less than one year; therefore, issuing worthless checks cannot constitute a misdemeanor. If the offense does not meet the legal requisites specified for a misdemeanor, it must be termed a felony. NMSA 1978, Section 30–1–6(A) (Repl.Pamp.1984), provides that "[a] crime is a felony if it is so designated by law or if upon conviction thereof a sentence of death or of imprisonment for a term of one year or more is authorized." The trial court imposed the sentences in accord with Section 30–36–5(B), but incorrectly designated defendant's felony conviction as "fourth degree felony offenses."

We remand this issue to the trial court for modification of defendant's judgment, sentence and commitment order. On remand, the order should denominate defendant's conviction for the offenses of issuing of worthless checks as "felonies", rather than "fourth degree felonies."

## V. MOTION FOR A NEW TRIAL

■ Defendant argues that the trial court erred in failing to grant his motion for a new trial. Defendant's motion was grounded upon the fact that the trial court failed to give proper weight to his testimony regarding advice he received from his bankruptcy attorney. At trial, the judge allowed defendant to testify regarding what the bankruptcy attorney had told him. The record reflects that this testimony was admitted. The trial court could properly weigh the effect of this evidence. See State v. McGhee, 103 N.M. 100, 703 P.2d 877 (1985). The motion for a new trial claimed that the affidavit from the bankruptcy attorney was new evidence, that the trial court did not accord full consideration to defendant's testimony and that the evidence would probably change the result if a new trial were granted.

In denying defendant's motion, the judge pointed out that the evidence did not fit within the criteria outlined in State v. Volpato, 102 N.M. 383, 696 P.2d 471 (1985). We agree. Defendant's proffer of new evidence did not satisfy the Volpato criteria. The bankruptcy attorney was listed as a defense witness and, therefore, was not a newly discovered witness. Moreover, the trial court stated that the evidence would not have changed the court's ruling. The grant or denial of a new trial is addressed to the sound discretion of the trial court and is reversible only upon a showing of a clear abuse of that discretion. State v. Perez, 95 N.M. 262, 620 P.2d 1287 (1980). The trial court did not abuse its discretion in denying defendant's motion for a new trial.

## VI. SUFFICIENCY OF EVIDENCE

■ Defendant claims the trial court lacked sufficient evidence to support his

conviction. The trial court found that defendant issued three checks totalling $7,434.04, that he knew there were insufficient funds or credit with the bank, that he was overdrawn by more than $7,000, and that he intended to cheat or deceive the victims at the time of issuing the checks. In reviewing a judgment of conviction, the appellate court views the evidence in the light most favorable to the verdict, resolving all conflicts therein, and viewing all reasonable inferences flowing therefrom in the light most favorable to the judgment. *State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978). Applying this standard, our review of the record and transcript reveals sufficient evidence to support the trial court's findings.

Significant among other facts in the record, the evidence indicates that defendant had a long-term arrangement with his bank that it would cover overdraft checks if defendant made deposits "within a day or two" of the overdraft. Defendant's last positive balance was on May 14, 1985; the last deposit was made on May 21, 1985. Defendant then wrote approximately $7,400 worth of checks on May 31, June 1, and June 4, 1985. Defendant did not inquire with the bank what his balance was before writing these checks and circumstantial evidence exists indicating defendant knew that his bank funds were insufficient to cover these checks. Further, the record shows that defendant knew that he owed Coronado Center approximately $53,000 in back rent and utilities, payable May 31, 1985. Even if defendant's attempt to effect a lease assignment to a new tenant had been successful, defendant would not have had funds therefrom in hand at the time he wrote the checks in question. When defendant wrote the checks in question, he had only a tentative lease agreement, in addition to a $7,000 overdraft at the bank. Since defendant closed his business doors on June 2, 1985, there is circumstantial evidence that he knew he did not have sufficient receipts or deposits to cover the checks he had just written. Given these facts, we cannot say the trial court lacked sufficient evidence to support its finding that defendant knew his funds were insufficient to cover the checks.

Defendant's convictions are affirmed. The case is remanded for correction of the judgment and sentence as to the degree of felony for which defendant was charged and convicted.

IT IS SO ORDERED.

GARCIA and FRUMAN, JJ., concur.