[Civ. No. 14986. Fourth Dist., Div. One. June 16, 1978.]

SCIENTIFIC CAGES, INC., Plaintiff and Appellant, v.
WANDA J. BANKS et al., Defendants and Respondents.

## COUNSEL

Frank G. Prantil for Plaintiff and Appellant.

Luce, Forward, Hamilton & Scripps, Robert G. Steiner and J. Mark Rhoads for Defendants and Respondents.

## OPINION

**WIENER, J.**— ██ Plaintiff appeals from a judgment of dismissal following an order sustaining defendants' demurrer without leave to amend. The basis for the court's ruling was the failure of Scientific Cages, Inc. (Scientific) to allege it was licensed as a contractor as required by Business and Professions Code section 7031.[1] We decide the omission of this allegation is not determinative, for Scientific at this stage of the pleadings falls within the exception provided for in Business and Professions Code section 7045,[2] and, accordingly, reverse the judgment.

Plaintiff sues Wanda Banks as contractor and Balboa Insurance Co., as surety, for the sum of $49,000, plus interest and attorney fees relating to a public work on the University of California, located at La Jolla. The amended complaint alleges the plaintiff was not paid for dog runs, entry doors and resting boards it manufactured and delivered under a written subcontract agreement between it and the defendant Wanda Banks. Plaintiff specifically alleges it did not install or contract for the installation of the materials.

██ We examine the sole issue on appeal mindful of the following rules: (1) In assessing the sufficiency of plaintiff's amended complaint against a general demurrer, the demurrer admits all material parts properly pleaded (*Scott* v. *City of Indian Wells,* 6 Cal.3d 541, 549 [99 Cal.Rptr. 745, 492 P.2d 1137]) and (2) the allegations must be liberally construed to attain substantial justice. (*Youngman* v. *Nevada Irrigation Dist.,* 70 Cal.2d 240, 244-245 [74 Cal.Rptr. 398, 449 P.2d 462].)

██ The licensing requirement of Business and Professions Code section 7031 was enacted to protect the public from risks attendant to

[1]Business and Professions Code section 7031 provides: "Actions by contractor, alleging and proving license. No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this state for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract, except that such prohibition shall not apply to contractors who are each individually licensed under this chapter but who fail to comply with Section 7029."

[2]Business and Professions Code section 7045 provides in pertinent part: "Articles not fixed part of structure; finished products. (a) Except as provided in subdivision (b) this chapter does not apply to the sale or installation of any finished products, materials or articles of merchandise, which do not become a fixed part of the structure, *nor shall it apply to a materialman or manufacturer furnishing finished products, materials, or articles of merchandise who does not install or contract for the installation of such items.* The term 'finished products' shall not include installed carpets. . . ." (Italics added.)

contracting with incompetent or untrustworthy contractors. (*Davis Co.* v. *Superior Court,* 1 Cal.App.3d 156, 158 [81 Cal.Rptr. 453]; *Rushing* v. *Powell,* 61 Cal.App.3d 597, 604-605 [130 Cal.Rptr. 110].) It reflects the significance the Legislature has placed on the deterrence of unlicensed persons from engaging in the contracting business. The policy to be served outweighs any harshness which may be sustained by a party. (*Lewis & Queen* v. *N.M. Ball Sons,* 48 Cal.2d 141, 151 [308 P.2d 713].)

▮ A reasonable interpretation of the agreement between the parties is consistent with the allegations of plaintiff's amended complaint bringing it within the exception of Business and Professions Code section 7045. Paragraph #1 of the subcontract provides in pertinent part: "1. The Sub-Contractor agrees to furnish all material and/or labor, proper supervision, equipment, permits, insurance, taxes, lights, appliances and tools to perform in a first class workmanlike manner all the work set forth or referred to herein in strict accordance with all the terms of this agreement *for the manufacturing and delivery of Aluminum Pens* (Reference Section 5A)" (Italics added.)

We are not compelled to a different conclusion at the pleading phase by other inferences which may be drawn by reference to those portions of section 5A of the prime contract relating to installation of the pens.

Respondents draw our attention to the following language in *Theisen* v. *County of Los Angeles,* 54 Cal.2d 170, 183 [5 Cal.Rptr. 161, 352 P.2d 529] as authority for the trial court's finding the plaintiff was a subcontractor and not a materialman or supplier. "[W]e conclude that one who agrees with the prime contractor to perform a substantial specified portion of the work of construction which is the subject of the general contract in accord with the plans and specifications by which the prime contractor is bound has 'charge of the construction' of that part of the work of improvement (Code Civ. Proc., § 1182, subd.(c)) and is a subcontractor although he does not undertake to himself incorporate such portion of the projected structure into the building."

In response to this quotation, we prefer the thoughtful analysis in *Steinbrenner* v. *J.A. Waterbury Constr. Co.,* 212 Cal.App.2d 661, 665-666 [28 Cal.Rptr. 204].

"Defendants' reliance on *Theisen* is misplaced. It supplies no precedent here, only an analogy. It is not a precedent because it interprets a different statute, the mechanics' lien law, which has a different objective

from the Contractors' Licensing Law. It is a truism of statutory construction that a statute is to receive an interpretation consistent with its own purpose. [Citation.] In *Theisen* the 'subcontractor' concept received a broad interpretation, consistent with the law's purpose to provide financial security for suppliers who do no installation work themselves, but whose custom-made products have little economic value except as part of the building for which they were designed. The contractors' law has a different objective, protection of the public from incompetent and unreliable contractors. Interpretation of one statute supplies no talisman for defining the other.

"An eminent authority on statutory construction discusses the use of interpretation by reference to analogous but unrelated statutes. He points out that the device is to be used with caution 'for the reason that by way of contrast an inclusion or exclusion may show an intent exactly contrary to that expressed by the analogous legislation.' [Citation.]

"So it is here. Business and Professions Code section 7052 distinctly excludes suppliers who do not themselves fabricate or 'consume' their materials in the work of the general contractor. While *Theisen* supplies an interesting analogy, it cannot overcome section 7052. The latter provision in no uncertain fashion excludes Steinbrenner's cabinet-making activities from the scope of the licensing law.

"Possibly the 1961 amendment to section 7045 was enacted to demonstrate that *Theisen* v. *County of Los Angeles, supra,* supplies no rule for contractors' licensing requirements. . . ."[3]

The judgment is reversed with directions to the trial court to overrule the defendants' general demurrer and grant leave to defendants to plead.

Brown (Gerald), P. J., and Cologne, J., concurred.

A petition for a rehearing was denied July 5, 1978, and respondents' petition for a hearing by the Supreme Court was denied August 9, 1978.

---

[3]The 1961 amendment to section 7045 added the clause: ". . . nor shall it [the Contractors' Licensing Law] apply to a materialman or manufacturer furnishing finished products, materials, or articles of merchandise who does not install such items."