Opinion
CHAPMAN, J.
Procedural Facts
In this appeal we are asked to determine the validity of a grant of probation conditioned upon an order of restitution for damages caused by an automobile accident.
On March 21, 1984, the Campbell City Police responded to an accident at the intersection of Nobli and Fowler. They determined that one of the drivers involved in the accident was the defendant, Randall John Taylor, whose license and driving privilege had been suspended or revoked. They also determined that the accident was caused, at least in part, by the defendant improperly failing to yield while making a left turn. They cited the defendant for a violation of Vehicle Code section 14601.1, subdivision (a), driving on a suspended license, a misdemeanor, and for a violation of Vehicle Code section 21801, subdivision (a), failure to yield while making a left turn, an infraction.
*1254 Following arraignment the defendant pleaded guilty to the charge of driving on a suspended license, and nolo contendré to the charge of making an illegal left turn. The trial judge placed defendant on probation on the charge of driving on a suspended license, upon the condition that he pay a fine in the total amount of $255. He suspended judgment on the charge of illegal turn. The matter was thereupon referred to the victim assistance program and continued for further hearing regarding restitution.
At the hearing on restitution the trial judge determined that the other party to the accident had suffered damages to her automobile in the amount of $2,960, but because she had also been at fault in the accident the court limited restitution to one-half of the loss, and ordered the defendant to reimburse the other party in the amount of $1,480.12.
Contentions on Appeal
Defendant contends on appeal that restitution is not an appropriate condition of probation upon a conviction of driving on a suspended license, and that the order denies him due process of law.
We agree.
Discussion
It will be important throughout this discussion to bear in mind that the probationary order is based on the conviction of the crime defined by Vehicle Code section 14601.1, subdivision (a); to-wit, driving on a suspended license, and not on the conviction of the infraction of making an illegal turn.
Restitution or reparation as a condition of probation is expressly authorized by statute and is sanctioned by case authority. (People v. Williams (1966) 247 Cal.App.2d 394, 399 [55 Cal.Rptr. 550]) Penal Code section 1203.1 provides: “The court or judge thereof, in the order granting probation . . . shall provide for restitution in proper cases; ...” Penal Code section 1203.04, subdivisions (a) and (d) provide: “(a) In every case where a person is convicted of a crime and is granted probation the court shall require, as a condition of probation, that the person make restitution as follows: [1] (1) To the victim, if the crime involved a victim. ... [1] (d) . . . ‘restitution’ means full or partial payment for the value of. . . damaged property . . . which losses were caused by the defendant as a result of committing the crime for which he or she was convicted. ...” (Italics added.)
*1255 Defendant contends that the crime of driving on a suspended license is a victimless crime, and that the probation laws are designed to effect the rehabilitation of the criminal, and not to resolve civil liability of the parties. He further points out that important civil due process rights are involved in the determination of civil liability, including the right to a jury trial, and the right to raise the defense of comparative negligence.
In response the district attorney asserts a “but for” argument, i.e., if the defendant had not been driving while his license was suspended the accident would not have occurred and there would have been no damage, and that for this reason the trial court did not abuse discretion in ordering restitution as a condition of probation, and furthermore, that defendant’s due process rights were protected in that the trial court conducted a hearing to determine fault and the amount of damages.
A “but for” rule is not the test of the validity of a condition of restitution. The district attorney cites People v. Axtell (1981) 118 Cal.App.3d 246, 256 [173 Cal.Rptr. 360], for the proposition that probation is an act of leniency, not a matter of right. Historically this was the rule. Defendant could reject probation and stand before the court for judgment, but if he accepted probation he did so on whatever conditions the court saw fit to impose. Inasmuch as he had accepted probation, he accepted the conditions of probation and therefore had no grounds to object. The idea that a grant of probation was an absolute act of grace was laid to rest in People v. Dominguez (1967) 256 Cal.App.2d 623 [64 Cal.Rptr. 290].
Dominguez is a landmark case, and has been cited many times by the California Supreme Court. See People v. Lent (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545]; and People v. Richards (1976) 17 Cal.3d 614, 621 [131 Cal.Rptr. 537, 552 P.2d 97]. In People v. Lent, supra, at page 486, the Supreme Court cites the Dominguez rule as follows: “A condition of probation will not be held invalid unless it ‘(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .’ [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.”
The Dominguez standard is often very difficult to apply. For example, in the present case one could argue that the condition is directly related to the crime of which defendant was convicted, i.e., driving on a suspended license, because he was in fact driving when the accident occurred, especially since defendant conceded by his plea of no contest that *1256 he made an illegal turn. On the other hand, one can argue with equal vigor that it does not relate to such a crime because the lack of license is an existing condition and not a cause of the accident. In California, as in most jurisdictions, it has long been the rule in both civil and criminal cases that evidence that a driver is unlicensed is not admissible on the issue of negligence as the cause of an accident. Lehmuth v. Long Beach Unified Sch. Dist. (1960) 53 Cal.2d 544, 554 [2 Cal.Rptr. 279, 348 P.2d 887]; Strandt v. Cannon (1938) 29 Cal.App.2d 509, 518 [85 P.2d 160]; People v. Spragney (1972) 24 Cal.App.3d 333 [100 Cal.Rptr. 902]. In Spragney the court said on pages 338-339: “. . . ‘the operator’s negligence is to be determined by the facts existing at the time of the accident, and whether the operator had a license to operate an automobile under the laws of this state is immaterial unless there is some causal relationship between the injuries and the failure to have a license or the violation of the statute in failing to have one . . .’ (Strandt v. Cannon, supra, at p. 518) [1] . . . [T]here is no reason why the general rule of inadmissibility should not apply in a criminal proceeding in which negligence is an essential part of the People’s case. Indeed the opinion of the Supreme Court in People v. Costa [1953] 40 Cal.2d 160, 167 [252 P.2d 1], appears to so assume.”
The vagueness of the Dominguez rule is discussed in a note entitled Jacobson, Use of Restitution in the Criminal Process: People v. Miller (1968-1969) 16 UCLA L.Rev. 456. The note suggests a better test would be to focus on the language of the statute, i.e., Penal Code section 1203.1, which provides in part: “The court may . . . require . . . conditions . . . as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from such breach and generally and specifically for the reformation and rehabilitation of the probationer.” (Italics added.)
The note concludes, on page 474: “This note has attempted to formulate guidelines which would not frustrate the use of corrective restitution in instances where that use would be rehabilitative, but also would not allow a court total discretion as to what was and what was not rehabilitative. The conclusion is that restitution, as a condition of probation, is proper if it requires the payment of fixed liabilities: (1) incurred as the proximate result of the criminal act for which the probationer was convicted, or (2) incurred as the result of conduct which is substantially related in kind, including the state of mind of the actor, to the breach for which the individual was criminally convicted.”
The conclusion is based in part on an observation that: “A majority of jurisdictions in the United States, as well as foreign courts, sanction repa *1257 ration by the offender as a condition of probation. A preponderance of these jurisdictions, including the federal judicial system, limit such restitution to the pecuniary harm proximately caused by the act for which the probationer was convicted” (P. 460, fns. omitted.) The note would expand the probationer’s responsibility to include: . . those debts or injuries which result from conduct substantially related in kind to the criminal conduct, [1] This ‘in kind’ relationship should be limited solely to those acts which manifest a similar state of mind or intent as that required for the criminal offense.” (P. 465, italics in original.)
The latter aspect of the suggested test takes into account the California rule that restitution is not limited to “transactions or amounts of which defendant is actually convicted.” (People v. Williams, supra, 247 Cal.App.2d at p. 401.)
The desirability of a causative test has been discussed in a number of leading California cases. In People v. Williams, supra, at page 404, the court said: “There are, however, some suggestions that one proceeding may not be used as a vehicle for imposing restitution or reparation for obligations which may be related to, but which are not directly attributable to, the principal offense.” And on page 405, citing State v. Scherr (1960) 9 Wis.2d 418, 424, [101 N.W.2d 77]: “. . . the damages must be directly caused by the acts for which the defendant was convicted, and the amount of restitution must be reasonable.” And on page 406, the Williams court refers to State v. Barnett (1939) 110 Vt. 221 [3 A.2d 521], a hit-and-run case wherein the court rejected a condition of probation requiring restitution for the damages resulting from the accident, saying: “. . . ‘restitution conditions in probation cases . . . must be for loss sustained as a direct consequence of the particular crime of which the respondent stands convicted’ ... In applying this principle to the facts before it, it determined that the claimed damages from the accident were not the result of the defendant’s failure to stop and render assistance, and that therefore the imposition of the condition of the payment of damages was illegal and void as being against public policy because it made the court in a criminal action a collection agency to enforce a claim of a private nature. ...” (Citations omitted.)
The Williams court stopped short of adopting a causative test, and said, on pages 407-409: “From the foregoing it is concluded that the discretion to be exercised in imposing conditions of probation is not bounded by constitutional limitations, but by the terms of the statute which authorizes the grant of probation and the public policy of that jurisdiction. ... [5] Several factors lead to the conclusion that there should be no hard and fast rule that money payments as a condition of probation be limited to the direct consequences of the particular crime of which defendant stands convicted. In *1258 the first place, the California provisions are broader than those considered in the foregoing cases. The statute refers to reparation, an unquestionably broader term than mere restitution. . . . [f] This, however, is not to say that every claim by one victimized directly or indirectly by defendant’s conduct should be granted reparation or restitution, or that the criminal courts should be reduced to collection agencies.” (Citations omitted.)
In People v. Richards, supra, 17 Cal.3d 614, the Supreme Court comes very close to adopting the causative test suggested by the UCLA Law Review Note, supra, and in the process finds that the holding in the Williams case, if not its language, is consistent with such a test. On page 622, the Richards court says: “If a restitution order is to redirect a defendant to acceptance of responsibility for the crime he has committed, the order must be directly related to that crime. (People v. Dominguez (1967) supra, 256 Cal.App.2d at p. 628.) It is obvious that unless the act for which the defendant is ordered to make restitution was committed with the same state of mind as the offense of which he was convicted, this salutary rehabilitative effect cannot take place. No rehabilitative purpose can be served by forcing a person to confront tendencies which differ from those which induced his crime. For example, in People v. Williams (1966) supra, 247 Cal.App.2d 394, the defendant assaulted a store proprietor who refused to honor his Diners Club credit card. The Court of Appeal struck down a restitution order requiring the defendant to repay Diners Club for money owed on the credit card. The purpose of restitution in an assault case is to make the defendant accept responsibility for and thus curb his violent tendencies, a purpose that would have justified requiring restitution to the assault victim. But restitution to Diners Club would, at best, cause the defendant to confront his inclination towards fiscal irresponsibility, which is neither related to violence nor criminally punishable in California.” (Italics added and fns. omitted.)
Other language in Richards is helpful in the analysis of our own case. On page 619 the court says: “Trial courts are granted broad discretion under Penal Code section 1203.1 to prescribe conditions of probation. [Citation omitted.] However, a condition imposed must serve a purpose specified in the code section, [f] This requirement presents no problem for a court ordering a convicted defendant to make restitution to the victim for damages actually caused by the crime. Section 1203.1 expressly allows courts to impose reparation conditions ‘for any injury done to any person resulting from such breach.’ A closer question arises, however, when the court imposes a probationary condition requiring a defendant to pay a third party for losses not actually caused by the defendant’s crime. In those circumstances the defendant is in effect required to choose between accepting incarceration and righting a wrong he may not in fact have committed.”
*1259 On page 620, the court observes: “. . . courts must tread lightly . . . lest they be reduced to ‘mere collection agencies’ [Citations omitted], and restitution must in each case be narrowly tailored to serve a purpose described in section 1203.1. [\] The major goal of section 1203.1 is to rehabilitate the criminal. Restitution imposed in a proper case and in an appropriate manner may serve the salutary purpose of making a criminal understand that he has harmed not merely society in the abstract but also individual human beings, and that he has a responsibility to make them whole, [t] But the trial judge herein appeared to posit an additional and ill-conceived purpose: to resolve the civil liability of the criminal. . . . [t] Disposing of civil liability cannot be a function of restitution in a criminal case. To begin with, the criminal justice system is essentially incapable of determining that a defendant is in fact civilly liable, and if so, to what extent. A judge may infer from a jury verdict of guilt in a theft case that a defendant is liable to the crime victim. But a trial court cannot properly conclude that the defendant owes money to a third party for other unproved or disproved crimes or conduct. A party sued civilly has important due process rights, including appropriate pleadings, discovery, and a right to a trial by jury on the specific issues of liability and damages. The judge in the criminal trial should not be permitted to emasculate those rights by simply declaring his belief that the defendant owes a sum of money.”
On page 621 the court notes: “Even if it can be implied that defendant owes money to Ward, the conclusion does not necessarily follow that he is civilly liable. Civil law, of course, provides for priorities among creditors and rehabilitation of debtors in many cases. No evidence could have been introduced in the criminal trial herein as to whether defendant had declared bankruptcy or other creditors had asserted monetary claims against him superior to that of Ward. Thus 1 Restitution or reparation is not a substitute for a civil action to recover damages’ [citation omitted], and a defendant’s duty of restitution cannot be predicated merely on a purported debt.” (Italics added.)
The Supreme Court could have gone on to observe that a condition of restitution can not only deprive defendant of his rights in regard to debt relief, but may also result in giving the third party an unconscionable advantage over other creditors, because a restitution order cannot be canceled by bankruptcy even though the underlying debt is listed in the order. People v. Calhoun (1983) 145 Cal.App.3d 568 [193 Cal.Rptr. 394]. On page 571 Calhoun holds: “It is, however, well established a restitution order resulting from a criminal conviction is not a ‘debt.’ In People v. Washburn (1979) 97 Cal.App.3d 621 [158 Cal.Rptr. 822], the defendant made the exact same claim Calhoun makes here. The court there held a bankruptcy has no effect on a criminal restitution order because such an order does not create a *1260 debtor/creditor relationship as the order’s purpose is to facilitate rehabilitation of the defendant, not to compensate the victim . . . The Washburn analysis is based on the holding of the California Supreme Court in People v. Richards . . . . ”
Applying the reasoning of People v. Richards, supra, 17 Cal.3d 614, several California appellate decisions have reached results similar to State v. Scherr, supra, 9 Wis.2d 418, and State v. Barnett, supra, 110 Vt. 221. In People v. O’Rourke (1980) 105 Cal.App.3d Supp. 1 [165 Cal.Rptr. 92], it was held that the trial court abused its discretion in conditioning the defendant’s probation on the defendant’s paying the third party for property damage allegedly caused in the accident from which defendant unlawfully fled.
O’Rourke holds on page 4: “The crime of which defendant was convicted is the intentional act of leaving the scene of an accident in which property damage has occurred. The damage to the third party’s property was caused by acts which occurred prior to the criminal act, not as a result of the criminal act. There is no evidence in the record to show that the property damage arose from criminal conduct. The restitution order, therefore, requires payment for damage which was caused by noncriminal conduct. Furthermore, requiring the defendant to pay for the alleged property damage is not related to future criminality.”
On page 6 the O’Rourke court held: “In addition to the concerns noted by the Supreme Court in Richards, under the rule of comparative negligence enunciated in Li v. Yellow Cab Co. (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393], a civil defendant has the right to raise the defense of comparative negligence which may be significant in a particular case. Furthermore, theoretically, a hit-run defendant may be free of any negligence in causing the accident which precipitated his criminal act of fleeing therefrom.”
In another case, People v. Corners (1985) 176 Cal.App.3d 139 [221 Cal.Rptr. 387], the court held the trial judge correctly refused to order a hit-run driver to make restitution payments. The court interprets People v. Richards, supra, 17 Cal.3d 614, as mandating a narrow tailoring of restitution under Penal Code section 1203.1 to serve the stated purpose of the statute. The court held that restitution may be imposed only for injuries to a person resulting from a criminal breach of a duty. The court said that an order for payment of restitution cannot be predicated merely on a purported debt to the injured party. Otherwise the result would be to impose civil liability through the back door.
*1261 People v. Walmsley (1985) 168 Cal.App.3d 636 [214 Cal.Rptr. 170], cited by the district attorney as holding to the contrary, is distinguishable. In Walmsley the conviction was for felony hit-and-run, wherein the statute requires as an element that a human being be injured. The court said on pages 639-640: “The gravamen of the offense of hit-and-run driving is the offender’s attempt to evade responsibility for his actions while driving a motor vehicle. ... It is difficult to imagine a condition of probation more closely linked with rehabilitation of the offender than a condition requiring him to accept the very responsibility he criminally attempted to evade. . . . [Í] Walmsley was not denied a civil litigant’s due process rights since a civil judgment determining liability and damages was entered prior to the restitution order and referred to by the sentencing judge. Therefore the judge did not determine civil liability.” (Fn. omitted.)
For another example of a driving offense where restitution is appropriate see People v. Phillips (1985) 168 Cal.App.3d 642 [214 Cal.Rptr. 417]. In this case the defendant had been convicted of driving under the influence of alcohol. There had been an accident. The court ordered the defendant to pay the damages by way of restitution. The order was upheld. The court said on pages 646-650: “Generally speaking, driving under the influence of alcohol is negligence as a matter of law . . ., and justifies punitive damages in an appropriate case .... When alcohol intoxication contributes to an automobile accident and ensuing injuries, restitution is proper. ... [1] In Richards . . . the trial court appeared to be resolving civil liability, or, put another way, establishing Richards owed a debt. . . . The Supreme Court found this was improper. . . . That did not happen here. The sentencing court specifically said the restitution was for the purpose of rehabilitation. This is strongly supported by the fact there was no attempt to resolve civil liability by determining the full amount of any ‘debt’. ... [1] We cannot say the trial court abused its discretion when it found the manner in which Phillips drove, affected by her intoxication, was a cause of the accident and ensuing injuries. The record supports the trial court’s conclusion. ...” (Citations omitted.)
Conclusions
We are tempted to support the trial court by looking at the transaction as a whole, and finding that the criminal conduct of the defendant consisted of driving in a negligent manner and with knowledge that his license had been suspended, and that such conduct directly caused injury to another. Thus we could uphold the condition of restitution and square it with the existing case precedent. Such an approach, however, would not be intellectually honest. As we discuss the law of the case we are led to the conclusion that *1262 the trial judge mistook an existing condition for a cause, and in consequence adjudicated defendant’s civil liability for damages.
Neither section 1203.1 nor section 1203.04 of the Penal Code support a condition of restitution in this case. The crime of driving on a suspended license does not involve a “victim” as such; licensing laws are regulatory by definition. Licensing violations are entirely irrelevant to the determination of the cause of damages. The condition does not measure up to the standard of People v. Dominguez, supra, 256 Cal.App.2d 623, as that standard is explained by People v. Richards, supra, 17 Cal.3d 614. Because the lack of license was not a cause of the accident it has no relationship to the crime of which defendant was convicted, and does not relate to future criminality. Much like the preexisting debt of People v. Williams, supra, or the set liability for an accident that precedes the crime of hit-and-run, as discussed in People v. O’Rourke, supra, 105 Cal.App.3d Supp. 1, and People v. Corners, supra, 176 Cal.App.3d 139 the lack of a license is collateral to the cause of the injury.
Nor can restitution in this case be justified under the reasoning of People v. Richards, supra. It does not directly relate to the crime of driving on a suspended license. The careless turn was not done with the same state of mind inherent in driving without a license. No salutary rehabilitative effect can be realized by making an unlicensed driver an insurer for any damages that may occur in the course of his driving.
In the present case the trial judge did in fact dispose of civil liability by his order of restitution. As a result defendant was denied his due process right of appropriate pleadings, discovery, and a trial by jury on the issues of liability and damages. He was denied his defense of comparative negligence established in Li v. Yellow Cab Co., supra, 13 Cal.3d 804. While it is true that the trial judge made an effort to apportion the loss according to fault, there was no real trial as to the amount of damages that should have been apportioned between the parties, the most obvious of which was the damage to defendant’s vehicle, caused in part by the negligence of the third party.
The conviction for the infraction of failing to yield right of way in violation Vehicle Code section 21801, subdivision (a) does not provide a vehicle for a condition of restitution. While it may literally seem to satisfy the criteria of Dominguez, not only does the de minimis nature of infractions make them ill-suited as an alternative to probation, but more importantly the summary manner in which they are processed make them an entirely inappropriate basis of a probationary order of restitution, and should be *1263 against public policy. In any event, in the present case the judgment on the infraction was suspended.
We do not hold that a condition of restitution will always be inappropriate, only that it is inappropriate here. In the present case the defendant was convicted of a violation of Vehicle Code section 14601.1, subdivision (a), which is sometimes referred to as a “soft” suspension, i.e., a suspension for reasons other than reckless driving, negligent driving, driving under the influence of intoxicants, etc. We have no reason to believe that the driving causing the damage was with the same state of mind as the driving with a suspended license. In a proper case it may be that such a showing can be made. See People v. Lent, supra, 15 Cal.3d 481.
The words of Justice Sims in People v. Williams, supra, 247 Cal.App.2d at page 409 are applicable: “The trial judge may not be required to achieve in all cases the sublime results sought by Gilbert’s Mikado, but in this case, the effort ‘to let the punishment fit the crime,’ cannot be supported by authority conferred by statute or existing precedents.”
We adopt the dispositional language of People v. Richards, supra, 17 Cal.3d at page 624: “The order admitting defendant to probation on condition that he make restitution ... is reversed. As the court has already determined that defendant is a proper candidate for probation, the case is remanded with directions to grant probation on reasonable conditions.”
Hastings, P. J., and Creed, J., concurred.