Opinion
MUDD, Acting P. J.
In this case, we hold that a violation of Business and Professions Code section 7028 is not, as a matter of law, a victimless crime. Rather, whether there is a victim of the crime is a question of fact to be determined through an evaluation by the trial court of the individualized facts of each case.
History
Respondent Clifton E. Hays entered a plea of guilty to the charge of engaging in the business or acting in the capacity of a contractor without being licensed (Bus. & Prof. Code, § 7028). The matter was set for sentencing and for a restitution hearing. The prosecutor argued that Mitchell Brodie was present in the courtroom and was prepared to testify that he entered into a landscaping contract with respondent whereby respondent agreed to landscape his yard for $16,000. According to Mr. Brodie, respondent began the project and then abandoned it. It cost Mr. Brodie $40,000 to complete the job. Mr. Brodie had not filed a civil suit against respondent because he was advised by his civil counsel that he would be awarded restitution in the criminal case.
Respondent made an offer of proof that the defense witnesses present in the courtroom would testify that they were licensed contractors who presently employed respondent.
*Supp. 24 The trial court ruled as a matter of law that it was precluded from holding a restitution hearing in the matter because respondent was convicted of unlicensed contracting and that the other party to that home improvement contract was not a “victim” as contemplated by Penal Code section 1203.04. The court prohibited either party from having a hearing on the facts of the matter. The court imposed a restitution fine and, as a condition of probation, ordered that respondent make himself available for civil process.
Issues Presented
The two related issues raised in this appeal are:
(1) Did the trial court err in determining that, as a matter of law, Mr. Brodie was not a victim of respondent’s crime?
(2) Did the lower court err in interpreting People v. Taylor (1986) 179 Cal.App.3d Supp. 1 [225 Cal.Rptr. 430] as precluding it from holding a restitution hearing?
The answer to both questions is yes.
Discussion
Under California Constitution article I, section 28, subdivision (b), the court must order restitution from the defendant to the victim in every case in which the crime victim suffers a loss. The trial court found, as a matter of law, that respondent’s failure to comply with the licensing statute did not cause Mr. Brodie’s loss, and that, therefore, Mr. Brodie was not a victim of respondent’s crime. The court, as noted, relied heavily on People v. Taylor, supra, 179 Cal.App.3d Supp. 1.
In Taylor, supra, 179 Cal.App.3d Supp. 1, a defendant was involved in an auto accident. He pleaded nolo contendere to the charge of making an illegal left turn (an infraction) and pleaded guilty to driving with a suspended license (Veh. Code, § 14601.1, subd. (a). The court suspended judgment on the infraction and ordered restitution to the accident victim as a term of probation on the Vehicle Code conviction.
The Santa Clara Appellate Department reversed. It found that the crime of driving with a suspended license did not involve a “victim” as such: “[Licensing laws are regulatory by definition. Licensing violations are entirely irrelevant to the determination of the cause of damages. The condition does not measure up to the standard of People v. Dominguez [(1967)] 256 Cal.App.2d 623 [64 Cal.Rptr. 290], as that standard is explained in People v. Richards [(1976)] 17 Cal.3d 614 [131 Cal.Rptr. 537, 552 P.2d 97], Because the lack of license was not a cause of the accident, it has no relationship to the crime of which defendant was convicted, and does not *Supp. 25 relate to future criminality .... [T]he lack of a license is collateral to the cause of the injury.” (Taylor, supra, 179 Cal.App.3d at p. Supp. 12.
In the case at bar, respondent pleaded guilty to a violation of Business and Professions Code section 7028, engaging in the business or acting in the capacity of a contractor without a license. The offense was alleged to have occurred on July 13,1989. The change of plea form indicates that the factual basis for the plea was that respondent entered into a contract without a license. The record further reflects that the contract was entered into with Mr. Brodie. While the lower court ruled that, as a matter of law, a licensing violation is a victimless crime, it can be concluded that this ruling is too broad.
In In re Williamson (1954) 43 Cal.2d 651 [276 P.2d 593], a defendant pled guilty to conspiring to engage in the business of a contractor without having a license. The court noted, without comment, that as a condition of probation the defendant was required to make restitution of his pro rata share of the money received from the roofing jobs performed. While the issue in the case was not the restitution order, the court’s tacit approval of the restitution condition can be inferred.
In People v. Milne (Colo. 1984) 690 P.2d 829, the Colorado Supreme Court addressed whether restitution as a condition of probation was proper where the crime for which the defendant was convicted was selling securities without a license. The defendant, as in the case at bar, contended that selling securities without a license was a victimless crime.
The court first looked to the purpose of the probation conditions which, as in California, include taking the profit out of crime and, to the extent practicable, making the victims of the offenses whole. The court noted that the purpose of the licensing statute was to protect the public from persons who regularly deal in securities transactions. As part of the statutory licensing scheme, the securities commissioner may require information relating to the applicant’s financial condition and history. The court held that the failure to obtain a license in accordance with the statute and the rules deprived the public of the minimum level of protection required from those who sell securities.
An analogy can be drawn between this Colorado case and the case at bar. The purpose of the contractor’s law is to protect the public against dishonest and incompetent contractors. (Scientific Cages, Inc. v. Banks (1978) 81 Cal.App.3d 885 [146 Cal.Rptr. 780].) Contractors under law are required to possess evidence of financial solvency (Bus. & Prof. Code, § 7067.5) and *Supp. 26 must be bonded (Bus. & Prof. Code, § 7071.5). This ensures a minimum level of protection to the public. Under this rationale, to adopt a per se rule that violation of the licensing statute is a victimless crime would defeat the purpose of legislation designed to protect the public.
In People v. Miller (1967) 256 Cal.App.2d 348 [64 Cal.Rptr. 20], a defendant was convicted of theft arising out of the victim’s dealings with the defendant’s company. The court ordered restitution to Mr. Keefe, the specific victim of the theft. However, the court also held that it was proper to order restitution to unnamed victims of the defendant, reasoning that “defendant’s borderline operation of his construction company put him in a situation in which he was likely to engage in fraudulent activities so as to warrant the conclusion that defendant’s rehabilitation could best be achieved in a context of complete reparation for the harm done his former customers.” Thus, under the Miller rationale where customers of the illegal business were victims for purposes of restitution, it can be concluded that there may also be victims of the crime of which respondent was convicted.
Therefore, we hold that the issue of whether or not there is a victim to a crime should be decided as a question of fact rather than as a matter of law.
The trial court, relying on People v. Taylor, supra, 179 Cal.App.3d Supp. 1, concluded that it was precluded from holding a restitution hearing. In Taylor, the defendant was convicted of driving with a suspended license. The Taylor court noted that it was a “soft” suspension, i.e., a suspension for reasons other than reckless driving, driving under the influence, et cetera. The court noted, “We have no reason to believe that the driving causing the damage was with the same state of mind as the driving with a suspended license. In a proper case it may be that such a showing can be made.” (Id. at p. Supp. 13.)
This may be such a case. Respondent pled guilty. The basis of his plea was the landscaping contract he entered into with Mr. Brodie. This contract was void due to respondent’s failure to have a contractor’s license. The trial court must ascertain whether this contract was in any way induced by Mr. Brodie’s assumption that respondent held a contractor’s license. If so, then Mr. Brodie is a victim; if he entered into the contract with knowledge that respondent was not a licensed contractor, then he is not a victim of respondent’s crime. This is a threshold question of fact for the trial court to determine.
For these reasons, the order of the municipal court should be vacated and the matter remanded to the municipal court with instructions to conduct a restitution hearing if the court makes a factual determination that Mr. Brodie was a victim.
Cazares, J., and Quinn, J., concurred.