2008 VT 108

**STATE of Vermont v. Timothy LaFLAM**

[965 A.2d 519]

Nos. 06-326 & 06-417

¶ 1. August 21, 2008. Defendant appeals a jury conviction of driving with a suspended license (DLS) and the district court's resulting restitution order. On appeal, defendant contends that: (1) the evidence does not support his conviction; and (2) the court's restitution order is improper because his conviction of DLS did not cause the accident and resulting · damage, and because the court failed to make findings concerning defendant's ability to pay. We affirm defendant's con-

viction and vacate the district court's restitution order.

¶ 2. The following facts were presented at trial. At 9 p.m. on January 15, 2006, a van drove into the front of a variety store in Bristol, causing $1000 in uninsured damage to the building. An employee of the store saw the van hit the store and then observed defendant getting out of the van. Moments after the accident, another employee saw defendant behind the wheel of the van. Following the accident, the store owner arrived, recognized defendant, and spoke with him. After apologizing for the damage, defendant then fled on foot. The following day, police located defendant and spoke with him. Defendant explained that he had been drinking the day before and did not remember an accident. At the time of the accident, defendant's driver's license was under suspension for DUI. Defendant was charged with DLS and convicted following a jury trial. Following a restitution hearing, the district court ordered defendant to pay $1000.

¶ 3. Defendant first contends that the evidence does not support the conviction. Specifically, defendant argues that, although witnesses saw him at the scene and behind the wheel of the van after the crash, no one actually saw him drive the van into the store. Defendant concedes that he failed to raise this argument in the trial court, but contends that the court should have dismissed the charge against him sua sponte.

¶ 4. The evidence in this case was not so tenuous as to require the court to grant acquittal by its own motion. A court must move for acquittal by its own motion only when the record reveals that the evidence is so thin that a conviction would be unconscionable. *State v. Norton*, 139 Vt. 532, 534, 431 A.2d 1244, 1245 (1981) (per curiam), *overruled on other grounds by State v. Brooks*, 163 Vt. 245, 658 A.2d 22 (1995); see V.R.Cr.P. 29(a) (providing that court may, on its own motion, direct a

verdict of acquittal "if the evidence is insufficient to sustain a conviction"). No acquittal is required when the evidence, taken in the light most favorable to the State, and disregarding any modifying evidence, sufficiently and fairly supports a finding of guilt beyond a reasonable doubt. *State v. Grega*, 168 Vt. 363, 380, 721 A.2d 445, 457 (1998). Here, there was ample evidence to support the jury's verdict. One witness testified that defendant's van hit the store and saw defendant exit the vehicle. Another witness observed defendant behind the wheel moments after the accident. In addition, when the store proprietor arrived and spoke with defendant, defendant apologized for the damage. Police testified that the van was registered to defendant, and when police spoke with defendant the day after the accident, he asserted that he had been drinking the previous day and did not remember the accident. Police also testified that when they asked defendant if anybody was exiting the store at the time of the crash, defendant responded that no one had been leaving at the time. The trial court did not err in allowing the case to proceed to verdict.

¶ 5. Defendant next contends that the court did not have authority to order restitution in this case, because the accident and resulting damage were not causally connected to defendant's conviction for DLS. By statute, "[r]estitution shall be considered in every case in which a victim of a crime . . . has suffered a material loss." 13 V.S.A. § 7043(a)(1). A "[v]ictim" is defined as "a person who sustains physical, emotional or financial injury or death as a direct result of the commission or attempted commission of a crime." *Id.* § 5301(4). Defendant argues that the proprietor of the variety store does not fit the definition of a victim, because the damage to the store was not a direct result of defendant's crime. Defendant asserts that his crime — driving with a suspended license — was unre-lated to the accident because he could have driven into the store, even with a valid license.

¶ 6. To support a restitution award, the State must demonstrate "causation between the defendant's criminal act and the victim's loss." *State v. Forant*, 168 Vt. 217, 222, 719 A.2d 399, 403 (1998). We have cautioned that "[a]n order of restitution must relate directly to the damage caused by the defendant's criminal act for which he was convicted." *Id.* at 222-23, 719 A.2d at 403; see *State v. VanDusen*, 166 Vt. 240, 244, 691 A.2d 1053, 1055 (1997) (explaining that restitution must relate directly to the conduct for which defendant was convicted).

¶ 7. We acknowledge that there are arguments for and against awarding restitution in this case. On the one hand, it is undisputed that defendant drove his vehicle through the front door of the victim's store and caused $1000 in damage. On the other hand, defendant was never charged with a crime directly connected to that act and was convicted only of DLS.

¶ 8. The State argues that defendant should not have been driving, given his license suspension. But for defendant's decision to drive, the State concludes, the damage at issue would not have been caused. Under the State's theory, the sole connection between defendant's conviction for driving with a suspended license and the damage to the building is that defendant's driving caused the damage to the building, and defendant was driving illegally at the time. We can reach this result only if we hold that causation in fact — "but for" causation — is the sole standard for causation for restitution in Vermont.

¶ 9. In evaluating the State's argument, we are guided by *State v. Barnett*, 110 Vt. 221, 3 A.2d 521 (1939), in which the Court, over a vigorous dissent, refused to take a step comparable to the one that the State urges us to take today. In *Barnett*, the defendant was involved in a serious mo-

tor-vehicle accident in which the other operator was injured. The defendant left the scene of the accident without rendering assistance to the other operator. Later, the defendant was charged with, and convicted of, leaving the scene of the accident and ordered to make restitution to the other operator. The Court overturned the restitution award, announcing the general rule that "restitution must be for [a] loss sustained as a direct consequence of the commission of the particular crime of which the respondent stands convicted." *Id.* at 231-32, 3 A.2d at 525. The Court overturned the restitution award because the damages the other motorist sought and proved were "not those resulting from respondent's failure to stop and render assistance as required by the statute." *Id.* at 232, 3 A.2d at 526.

¶ 10. Like the State here, the dissent in *Barnett* urged a looser application of the proximate-causation standard: "when the offence for which the respondent stands convicted is closely related to an offense whereby another suffers injury, the court has power to prescribe a condition of restitution for such injury." *Id.* at 237, 3 A.2d at 528. The dissent noted that the fact of flight is some evidence of fault and that "the injuries suffered [might] have been aggravated by the failure of the respondent to stop and render such assistance as may have been reasonably necessary." *Id.* at 236-37, 3 A.2d at 528. The dissent also stressed that defendant never denied that he was at fault. *Id.* at 237, 3 A.2d at 528. These arguments are similar to those that the State is making here.

¶ 11. Consistent with *Barnett*, we have since rejected but-for causation as a sufficient basis for restitution. For example, in *Forant*, a domestic-violence case, defendant assaulted his wife, and she thereafter changed the locks and telephone number of the home. She sought restitution for the cost of the lock and telephone changes, arguing that, but for defendant's

assault, she would not have incurred these expenses. We rejected that argument, holding that there must be a "direct link between the crime and the restitution," and the link for the claimed expenses was only "indirect." 168 Vt. at 223, 719 A.2d at 403; see generally 13 V.S.A. § 5301(4) (damage must be a "direct result" of the crime). In requiring some form of proximate causation in addition to causation in fact, we have adopted the same approach as the vast majority of other jurisdictions. See, e.g., *United States v. Robertson*, 493 F.3d 1322, 1334 (11th Cir. 2007); *United States v. Cutter*, 313 F.3d 1, 7 (1st Cir. 2002); *Schuette v. State*, 822 So. 2d 1275, 1281-82 (Fla. 2002); *Pete v. State*, 862 A.2d 419, 426-27 (Md. 2004); *State v. Haase*, 2006 WI App 86, ¶ 13, 716 N.W.2d 526.

¶ 12. In comparable circumstances in civil cases, we have also rejected arguments similar to the State's reasoning in this case. In *Dervin v. Frenier*, a negligence case, the plaintiff/pedestrian was run over by a vehicle driven by the defendant. 91 Vt. 398, 401-02, 100 A. 760, 761 (1917). The trial court allowed the plaintiff to show that the defendant did not have an operator's license at the time of the accident. This Court ruled that allowance of this evidence was error:

> There are many cases in which the violation of a statute is properly held to be evidence of negligence or even negligence *per se*, but by the better reasoning this is so (the statute itself being silent on the subject) only when there is a proximate, causal connection between the violation of the statute and the injury complained of. The illegality of the defendant's act was a mere condition and not a cause of the plaintiff's injury.

*Id.* (citations omitted). Although *Dervin* is a civil case, its reasoning applies here. If

failure to have a license was a "mere condition" in *Dervin*, it is similarly so here.

¶ 13. Our more recent civil holding confirms our decision today. *Collins v. Thomas*, a wrongful-death action, involved the accidental death of a passenger who fell out of a truck while the defendant was driving. 2007 VT 92, 182 Vt. 250, 938 A.2d 1208. The plaintiffs argued that liability and causation could be based on the fact that the truck was uninspected and defective. While acknowledging the plaintiffs' but-for-causation argument — that the accident would not have occurred if the defendant had not been driving the illegal truck — we held that there could be no proximate causation, because the death was not caused by the defects in the truck or by its lack of an inspection sticker. *Id.* ¶¶ 9-10. For the same reason, there is no proximate causation here. While defendant should not have been driving in light of his license suspension, we do not see how the license suspension alone can be deemed a proximate cause of the victim's injuries. Driving without a license, defendant could have driven negligently or safely. An accident could have been caused by another driver's negligence or by forces outside defendant's control.

¶ 14. There are three decisions from other jurisdictions that illustrate the importance of a true proximate-causation standard in circumstances like these. See *People v. Taylor*, 225 Cal. Rptr. 430, 436 (Ct. App. 1986); *Schuette*, 822 So. 2d 1275; *In re Jason W.*, 619 A.2d 163 (Md. Ct. Spec. App. 1993). In each decision, the court declined to award restitution in circumstances like this. In *Schuette*, the court phrased the question as follows: can the trial court "order restitution for damages arising out of an automobile accident based on the underlying offense of driving with a suspended license where the State does not present any evidence of a causal relationship between the act of driving without a license and the accident that resulted in damages or loss." 822 So. 2d at 1278. The court noted that in criminal convictions the state had to prove both but-for and proximate causation. *Id.* at 1281-82. In applying these standards to restitution, the court found that proximate causation could be shown if the state established that there was a significant relationship between the criminal conduct and the damage for which restitution was being awarded. *Id.* at 1282. The court found that no such connection had been established between the act of driving with a suspended license and the injuries at issue. *Id.* at 1283-84.

¶ 15. Like in *Schuette*, the juvenile defendant in *In re Jason W.* was observed riding a motorcycle without appropriate registration. While pursuing the juvenile's motorcycle, an officer damaged his vehicle. The juvenile was charged with driving an unregistered vehicle and eluding arrest, but ultimately pled guilty only to driving an unregistered vehicle. The defendant appealed the lower court's order to pay restitution for the damage to the police vehicle. On appeal, the court explained that this charging decision destroyed the nexus required to justify restitution:

> [B]y proceeding only on the operation of an unregistered vehicle charge . . . , the State destroyed the required nexus between the delinquent act and the damage. The accident and consequential damage did not result from [the juvenile's] driving an unregistered vehicle but rather from his attempt to flee from the officers. *That* was the delinquent act which led to the chase into the woods, but, as noted, that charge was not prosecuted and no finding as to it was made.

619 A.2d at 166.

¶ 16. In *Taylor*, the third case on point, the defendant, whose license had been

suspended, failed to yield while making a left turn and caused damage to the vehicle of another operator. Although charged with both failing to yield and operating with a suspended license, the defendant was convicted of only the latter and was ordered to pay restitution. As in *Schuette* and *Jason W.*, the court held that the necessary causation was absent:

> Licensing violations are entirely irrelevant to the determination of the cause of damages. . . . Because the lack of license was not a *cause* of the accident it has no relationship to the crime of which defendant was convicted, and does not relate to future criminality. Much like . . . preexisting debt . . . or the set liability for an accident that precedes the crime of hit-and-run . . . the lack of a license is collateral to the cause of the injury.
>
> . . . [Restitution] does not directly relate to the crime of driving on a suspended license. The careless turn was not done with the same state of mind inherent in driving without a license. No salutary rehabilitative effect can be realized by making an unlicensed driver an insurer for any damages that may occur in the course of his driving.

225 Cal. Rptr. at 436 (citations omitted).

¶ 17. In summary, Vermont law requires there to be a direct link between the loss for which restitution is ordered and the conduct for which defendant has been convicted. There is no direct link here.

*Defendant's conviction is affirmed, and the district court's restitution order is vacated.*