*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-208

MARCH TERM, 2011

| | |
|---|---|
| State of Vermont | } APPEALED FROM:<br>} |
| v. | } District Court of Vermont,<br>} Unit No. 1, Windham Circuit<br>} |
| Ronald McGivern | } DOCKET NO. 22-1-08 Wmcr |
| | Trial Judge: Karen R. Carroll |

In the above-entitled cause, the Clerk will enter:

Defendant appeals his jury convictions of sexual assault and lewd or lascivious conduct with a child. Defendant argues that the evidence was insufficient to sustain the conviction. We affirm.

The charges against defendant were based on disclosures by his then five-year-old step-grandson. The victim first revealed the abuse to his mother when she asked him about his behavior of sucking on her finger while they were reading a book together. Following the victim's initial disclosure, a police officer and a Department for Children and Families (DCF) investigator interviewed the victim. During the interview, the victim described how, among other acts, defendant put his penis inside the victim's mouth and touched the victim's buttocks inside his pants. This interview was videotaped. The victim also made statements about defendant's sexual abuse to his aunt. Prior to trial, the State provided notice that it intended to offer the victim's out-of-court statements to his mother and his aunt, as well as those made during the interview with police and the DCF investigator. The court held an admissibility hearing pursuant to Vermont Rule of Evidence 804a, and concluded that the evidence was admissible. The State was also granted permission under Vermont Rule of Evidence 807 to allow the victim to testify via closed circuit television.

At trial, the victim testified that he understood he was there because of his grandfather and that he had spoken to the police about his grandfather and had told the truth. He did not testify about the abuse itself. The State also presented testimony from the victim's mother, the victim's aunt, the interviewing police officer, and the DCF investigator. Portions of the videotaped interview were played at trial. At the close of the State's case, defendant moved for judgment of acquittal. See V.R.Cr.P. 29. The court denied the motion, concluding that the victim's hearsay statements were admissible under the evidentiary rules, and that these disclosures combined with the victim's testimony were sufficient to support the charges.

Defendant then presented two witnesses on his behalf, including his wife, who testified that defendant was never alone with his grandson. Defendant did not renew his motion for acquittal following the close of the evidence. The jury convicted defendant on both counts. Defendant stipulated to entry of judgment on a habitual offender enhancement, agreeing that he had three prior felony convictions. He was sentenced to two concurrent sentences of fifteen years to life, and this automatic appeal followed.

On appeal, defendant argues that there was insufficient evidence to prove his guilt beyond a reasonable doubt and the court erred in denying his motion for acquittal. Because defendant failed to renew his motion at the close of the evidence or to file a post-trial motion, V.R.Cr.P. 29(c), he waived any argument on appeal regarding the sufficiency of the evidence.[*] See Reporter's Notes, V.R.Cr.P. 29 (failure to move for acquittal or to renew motion at close of all evidence "forecloses appellate consideration of all issues of sufficiency of the evidence"); State v. Crannell, 170 Vt. 387, 407-08 (2000) (reiterating that where defendant fails to move for acquittal at trial's end or in a post-trial motion, issue is not preserved for appellate review, even when defendant moved for acquittal after State's case), overruled on other grounds by State v. Brillon, 2008 VT 35, 183 Vt. 475. Defendant nonetheless asserts that the court erred in failing to move for acquittal on its own motion. See V.R.Cr.P. 29(a). The standard for reviewing denial of a motion for acquittal is "whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Prior, 174 Vt. 49, 53 (2002) (quotation omitted). "A court must move for acquittal by its own motion only when the record reveals that the evidence is so thin that a conviction would be unconscionable." State v. LaFlam, 2008 VT 108, ¶ 4, 184 Vt. 629 (mem.).

Defendant claims that the court should have granted acquittal on its own motion because the victim's hearsay statements were unreliable and insufficient to support a guilty verdict. The reliability of the hearsay evidence was an issue determined at trial and not challenged by defendant on appeal. In response to the State's motion, the court held a Rule 804a hearing and found, among other things, that the victim's statements bore indicia of trustworthiness because his disclosures were made spontaneously, were consistent, and were generally not the result of leading questions. Defendant does not challenge this ruling on appeal. Furthermore, defendant had an opportunity to cross-examine the victim, and any challenge to the victim's credibility or the weight and persuasiveness of the hearsay statements "are questions of fact for the jury." State v. Warner, 151 Vt. 469, 471 (1989). As to the sufficiency of this evidence, defendant argues that the State's case is insufficient because it relies on the victim's hearsay statements rather than direct testimony. The State is not required to produce additional evidence of defendant's acts to corroborate a child victim's hearsay statements. State v. Tester, 2006 VT 24, ¶ 29, 179 Vt. 627 (mem.). We conclude that the victim's description of defendant's abuse

---

[*] While defendant did not properly preserve this claim, because this is an automatic appeal, we are directed to "review the record in the interests of justice." V.R.A.P. 3(b)(2). We have not had occasion to consider what type of review is mandated by this standard. It is not necessary to address the question here, however, because in this case the evidence fairly and reasonably supports the verdict beyond a reasonable doubt.

relayed through his mother, his aunt, and the police interview was more than adequate to support the verdict.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

3