*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-014

NOVEMBER TERM, 2012

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Addison Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Shawna Thorpe | } | DOCKET NO. 359-6-11 Ancr |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Defendant challenges her conviction of simple assault, arguing that the evidence was insufficient to support the conviction. We affirm.

Defendant was tried by court on the simple assault charge after she waived a jury trial. Two witnesses testified at the trial. The first witness testified that she was at a friend's apartment when defendant arrived saying that she wanted to confront the complainant about whether the complainant was sleeping with her husband. When the complainant later arrived at the apartment, the first witness heard defendant yelling at the complainant and the sound of flesh hitting flesh. She testified that the complainant sounded frightened, denied sleeping with defendant's husband, and asked defendant to stop. After her memory was refreshed with a copy of her original statement to police, the first witness further testified that the complainant yelled at defendant to stop pulling her hair and that she saw the complainant's head go back at the time she heard her knees hit the ground. The first witness also testified that she later noticed the complainant had a swollen nose and a bleeding lip and that defendant's hand was swollen black and blue. The second witness testified that he heard a smack like somebody getting slapped and that when he turned around he saw the complainant on the floor and defendant kneeling next to her with a raised fist. The complainant did not testify, and the defense did not call any witnesses.

The testimony of the two witnesses was more than sufficient for the court to find defendant guilty of simple assault beyond a reasonable doubt. See State v. LaFlam, 2008 VT 108, ¶ 4, 184 Vt. 629 (mem.) ("No acquittal is required when the evidence, taken in the light most favorable to the State, and disregarding any modifying evidence, sufficiently and fairly supports a finding of guilt beyond a reasonable doubt."). The evidence revealed that defendant had angrily expressed a desire to confront the complainant, that she confronted defendant shortly thereafter, that the confrontation was accompanied by sounds and sights associated with a physical attack, and that the complainant appeared to have suffered injuries to her face in the

process.  The fact that no witness actually observed a punch being thrown does not demonstrate that the evidence was insufficient to support a simple assault conviction.  See State v. Warner, 151 Vt. 469, 472 (1989) (noting that "the State is not required to exclude every reasonable hypothesis of innocence in proving a case with circumstantial evidence").

Affirmed.


BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice