*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-361

SEPTEMBER TERM, 2016

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| v. | } Superior Court, Chittenden Unit, |
| | } Criminal Division |
| | } |
| Ocean Chance | } DOCKET NO. 1806-5-12 Cncr |

Trial Judge: Michael S. Kupersmith

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a judgment of conviction, based on a jury verdict, of aggravated sexual assault. He contends: (1) the trial court improperly failed to ensure that defendant was competent to stand trial; and (2) the evidence was insufficient to prove that the victim sustained serious bodily injury. We affirm.

In May 2012, defendant was charged with one count of aggravated sexual assault, in violation of 13 V.S.A. § 3253(a)(1).[1] The charge arose out of an incident that occurred in the City of Burlington on August 23, 2010. Additional material facts relating to the offense will be set forth in the discussion which follows.

The procedural record relating to defendant's competence to stand trial is lengthy. Following his arraignment in June 2012, defendant underwent several competency evaluations. In September 2012, Dr. Linder filed a report with the court, concluding that defendant was not competent to stand trial. At a status conference the following November, the State reported on a psychiatric evaluation by Dr. Drukteinis, who agreed that defendant was not competent to stand trial, but opined that with medication he could become competent.

Following a hospitalization hearing in December 2012, the court issued an order of hospitalization, concluding that defendant suffered from a major mental illness and posed a risk of harm to himself and others. In April and May 2013, the court extended the order of hospitalization and ordered a new competency evaluation. Based on the new evaluation by Dr. Weker, the parties stipulated that defendant was not competent to stand trial.

In late August 2014, the court held a hearing on the need for defendant's continued commitment to the Commissioner of Mental Health, and issued an order the same month. Based on the psychiatric reports and testimony, the court found that defendant continued to suffer from a chronic major mental illness, bipolar affective disorder, but noted that he had made significant progress since being hospitalized, was taking medication voluntarily, and had "achieved the ability

---

[1] The statute provides, in part, that "[a] person commits the crime of aggravated sexual assault if . . . , [a]t the time of the sexual assault, the actor causes serious bodily injury to the victim or to another." 13 V.S.A. § 3253(a)(1).

to regulate his conduct and his thoughts to a large degree." The court further found that defendant's competence remained "fragile" and that he would benefit from continued hospitalization, which it ordered for up to one additional year.

In September 2014, the court held a further competency hearing, and issued a written decision the following month. Based on a reevaluation of defendant by Dr. Weker, the court found that defendant was competent to stand trial. The court's decision quoted extensively from Dr. Weker's report, and ultimately concluded that defendant had an understanding of the proceedings against him, had demonstrated a capacity to understand concepts of court procedure, and was able to consult with his attorney with a reasonable degree of rational understanding.

A series of status conferences followed in which trial was set for May 2015, and the court ordered a further competency evaluation. In late May 2015, Dr. Weker filed a report indicating that he had interviewed defendant for several hours on May 22, 2015, and had reviewed his earlier notes and evaluations and defendant's recent medical history. Dr. Weker confirmed his earlier conclusion that defendant was competent to stand trial, noted the emergence of no psychotic or cognitive disturbances that would undermine this conclusion, and further observed that, with some exceptions, defendant continued to accept the benefits of taking his medication. While acknowledging that defendant's predilection to offensive and aggressive interactions with others could be unsettling, Dr. Weker concluded that these behaviors allowed defendant to exert influence and control, and that overall defendant was capable of a much more balanced, rational, and nuanced appraisal of his circumstances than he generally portrayed.

At a final competency hearing held just prior to the scheduled jury draw on May 29, 2015, the court confirmed that defense counsel had received Dr. Weker's report, and counsel then stipulated to the report, observing that defendant was "back on his meds" which "really does help." While noting that another psychiatrist defendant had retained earlier, Dr. Kinsler, had characterized defendant's competency as day-to-day, defense counsel declined to call Dr. Kinsler or offer any other evidence. Trial commenced about two weeks later. Following a three-day trial, the jury returned a verdict of guilty. Defendant was sentenced to a term of seven years and six months to life. This appeal followed.

Defendant contends that the trial court improperly "failed to ensure that [defendant] was competent to stand trial" by conducting another competency hearing before the start of trial. As defendant failed to request such a hearing or raise this issue below, we review the claim solely for plain error, which requires a showing of " 'error so grave and serious that it strikes at the very heart of the defendant's constitutional rights.' " State v. Pelican, 160 Vt. 536, 538 (1993) (quoting State v. Hoadley, 147 Vt. 49, 53 (1986)).

As we have explained, "[t]he trial court has a duty to conduct a competency hearing if there is 'reason to believe that [the defendant] may be incompetent to stand trial.' " State v. Beaudoin, 2008 VT 133, ¶ 15, 185 Vt. 164 (quoting 13 V.S.A. § 4817(b)). An initial finding of competence is not sufficient; "the trial court must be alert to changed circumstances that would indicate the need for a new determination of competency." State v. Lockwood, 160 Vt. 547, 554-55 (1993).

Here, the court had no indication prior to the start of trial of any changed circumstances sufficient to warrant a new competency hearing. Defense counsel stipulated to the report finding defendant to be competent two weeks before trial, and although he referred at the time to an opinion of Dr. Kinsler that defendant's competency was day-to-day, he did not call Dr. Kinsler to testify or offer any additional evidence at that time or at any time prior to the start of trial. As in Beaudoin, where we rejected a similar claim based on the defendant's general diagnosis and lengthy mental-

2

health history rather than on any new evidence that the defendant's status had changed, we find no basis to conclude that the trial court here committed plain error in failing to conduct an additional competency hearing.[2]  2008 VT 133, ¶ 25.

Defendant also contends the evidence was insufficient to establish the element of serious bodily injury.  Although defendant moved for judgment of acquittal on this basis at the close of the State's case, he did not subsequently renew it, and therefore failed to preserve the claim for review.  State v. Noyes, 2015 VT 11, ¶ 41, 198 Vt. 360.  Defendant maintains, however, that the evidence was so deficient that the trial court erred in failing to enter judgment of acquittal on its own motion under V.R.Cr.P. 29(a).  As we have explained, a court must enter judgment of acquittal "by its own motion only when the record reveals that the evidence is so thin that a conviction would be unconscionable."  State v. LaFlam, 2008 VT 108, ¶ 4, 184 Vt. 629 (mem.).

That was not the case here.  The victim testified that defendant choked her to the point that she could not breathe and she thought she was going to die.  The emergency room physician who examined the victim observed that her voice was hoarse and that she had soft tissue swelling of her neck and a lump on the back of her head.  The police investigator who spoke with the victim on the night in question also observed that her voice was hoarse and raspy and there was some discoloration of her neck.  This was sufficient to support a finding of serious bodily injury.  See 13 V.S.A. § 1021(2)(B) (defining serious bodily injury as including "strangulation by intentionally impeding normal breathing or circulation of the blood by applying pressure on the throat or neck").  Although another witness who observed a portion of the assault did not see or hear the victim get hit, and heard her speak, he acknowledged that his observations were limited, and his testimony does not remotely show that the evidence was so thin as to render the verdict unconscionable.  Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

---

[2]  Defendant asserts in passing that the trial court was also alerted at the end of the first day of trial that defendant was "decompensating."  Defendant provides no citation to the record, and he is probably referring to a statement by defense counsel after the jury left to deliberate at the end of the second day of trial.  Counsel at that time expressed "some concerns" that defendant had entered an "agitated stated," observed that "we've had a pretty good two days," but noted that defendant had recently become "irritable" and the sheriffs had removed him.  The court asked what counsel would suggest.  Counsel offered no suggestion at that point but observed that defendant had taken some medicine which had "calmed him down."  Nothing in this exchange supports a conclusion that the trial court erred in failing to order a competency hearing at that time or any earlier point in the trial.